[Sac. No. 4954. In Bank.—February 28, 1936.]

WALTER R. WILSON et al., Respondents, v. SAMUEL BROWN et al., Appellants.

Fred S. Howell for Appellants.

Lounibos, Schwobeda & McGoldrick and Lounibos, Mc-Goldrick & Lounibos for Respondents.

CURTIS, J.—This was a suit for specific performance of an option to purchase contained in a lease of service station premises situated in Petaluma. The lease, entered into between Samuel Brown and his wife, as lessors, and Walter R. Wilson, and his wife, as lessees, contained the following provision, the construction of which is in dispute: ''The lessors hereby reserve the right to sell the property at any time, and in case of sale, preference to purchase said property shall be given the said lessees.'' This same paragraph of the lease contained the provision that in the event the lessees should

not exercise said preference, they agreed to sell and convey their interest in the service station fixtures to the said lessors, or any person they might designate, at the then market value. The premises which were held by the lessees under the terms of their lease were a portion of a larger tract owned by the lessors, and the lessors without giving the lessees the opportunity of purchasing the premises occupied by them sold the entire tract of land to a real estate dealer, A. W. Baker. This suit was then commenced by the lessees to compel the conveyance to them of said property. The trial court found in favor of the plaintiffs, and entered a judgment directing that plaintiffs should deposit with the county clerk of Sonoma County the sum of $3,100 as the reasonable value of said premises, that A. W. Baker and his wife, should execute and deliver to the said county clerk a good and proper bargain and sale deed conveying title free and clear of all encumbrances to the plaintiffs, that the county clerk should deliver the sum of $3,100 to A. W. Baker and wife, and deliver to the plaintiffs said deed. The court further provided in said judgment that if A. W. Baker defaulted in depositing the deed, the county clerk was authorized to return the sum of $3,100 to the plaintiffs, and the court expressly retained full jurisdiction to the end that further judgment and decree might be entered ''in accordance with the foregoing provisions.''

◼ Appellants claim that the trial court placed an erroneous construction on the lease. In this behalf it is argued that the lessors had the unrestricted right under their lease to sell the property subject to plaintiff's lease. It is argued that the plaintiffs were given an option to purchase only in the event a sale by the landlord would terminate the lease of plaintiffs, and that in the event a purchaser was willing to accept the plaintiffs as lessees and continue the lease, plaintiffs could not complain that they had not been given an opportunity to purchase the premises. Although this may now be the claim of the defendants, we think it satisfactorily appears from the testimony of both the landlord lessors and the purchaser, Baker, that it was their understanding that the plaintiffs had a preferential right to purchase said property if it was at any time offered for sale by the lessors independent of the continuance of their lease. For example, Samuel Brown, the lessor, testified: ''When I offered the whole thing to Baker, I told him he would have to see the Wilsons. When

I told Baker I would sell him the whole thing I told him he must give the Wilsons a chance if they wanted it, and he went down and offered it to them." It is elementary that in the construction of any instrument, the intent of the parties is controlling. There can be no doubt that both parties to the lease, both lessors and lessees, understood by the language therein employed that the lessees should have the first right to purchase the property which they held under lease and on which their service station and a dwelling house were located. As was said in *Hale* v. *Harbor Petroleum Corp.*, 139 Cal. App. 455 [33 Pac. (2d) 1039], "When the construction given an instrument appears to be consistent with the true intent of the parties, as shown by the attendant facts and circumstances, another interpretation will not be substituted on appeal though it seem equally tenable."

Appellants contended upon the trial of the case that the lessees had been offered the opportunity to purchase the premises described in the lease, but had in effect rejected the offer by stating that they did not desire to purchase all of the leased premises. Appellants claimed that the lessees stated that they did not desire to buy the dwelling house, but only the premises on which the service station was located. Had this claim been satisfactorily substantiated upon the trial of the case, it would have been a complete defense to the suit by lessees for specific performance of their option. However, upon the trial both plaintiffs testified positively that no definite offer to sell the premises was ever made to them by the lessors, and Mrs. Wilson denied unequivocally that they had ever stated that they did not desire to buy the dwelling house but wanted to buy only the land on which the service station was situated. The court made the following finding: "It is not true that plaintiff did express a desire and purpose of purchasing only a portion of the land and premises described in plaintiffs' lease and expressly declined or refused to elect to purchase the remaining portion thereof." It is obvious that the dispute as to whether or not the lessors actually offered the premises to the lessees, and whether lessees rejected said offer by a counter-offer to purchase only a portion of the premises, having been decided adversely to the contention of appellants upon conflicting evidence by the trial court, such determination will not be questioned here.

 Appellants also attempted to prove in the trial court a waiver by the lessees of their right of option under the lease upon the ground that the lessees had presented their bill for $90.99, due them from the lessor, Brown, who had been trading at their store which was managed in conjunction with the service station, to Mr. Meyer, who was acting as escrow holder in the deal between Brown and Baker, and received payment out of the purchase money deposited by Baker for the consummation of the purchase of the property. The mere fact that the lessees secured payment of their bill against Brown out of the money paid to Brown by reason of the sale of the property would not of itself necessarily constitute a waiver, particularly in view of the testimony of Baker that the bill was presented to Meyer after the sale between himself and Brown had in fact been consummated. The lessees were merely securing payment of their account from an available fund, and there is nothing to indicate that by such action they waived their right of option, even though they knew at the time they obtained payment that it was money paid to Brown as the purchase price upon the premises in question.

 Appellant Baker also complains that, in addition to the title to the premises held by Brown, there was at the time of his purchase an outstanding right in the mother of Brown to one-third of the rents, issues and profits from said property. Baker argues that as Brown's title was so encumbered at the time he entered into the option with the lessees that he, the purchaser, should not be required to convey a title free and clear of this encumbrance. The record shows no separate negotiation for the purchase of this interest in the property but does show that the purchase price by Baker of $7,000 covered the entire property free and clear of this encumbrance. It may be implied, we think, that when Brown gave to the Wilsons the option to purchase the leased premises, it was understood between the parties that a satisfactory title to the property would be furnished by Brown. Brown secured a release of this encumbrance upon the sale of the property to Baker. Had he sold to the lessees under their option, he would have been required to secure such a release, as he was to give them a satisfactory title. Unquestionably the value of this release in so far as it affected the leased premises was taken into consideration by the trial court in fixing the sum of $3,100 as the price plaintiffs should pay for a convey-

ance of the leased premises. Baker, taking with notice of the rights of the lessees, stands in the same position as Brown and cannot, therefore, be heard to complain.

Appellant Baker also complains that there is outstanding against the entire property purchased by him a mortgage in the sum of $5,000 held by the Bank of America National Trust & Savings Association. He insists that in the purchase of the property, he paid the sum of $2,000 in cash and assumed the mortgage of $5,000 due the bank as the balance of the purchase price of $7,000. As the $3,100, ordered by the court to be paid by the plaintiffs, will not clear off the entire mortgage on the large tract purchased by him from the lessors, and the bank cannot be made to release from the mortgage the premises desired by the plaintiffs, Baker argues that he is required by said decree to pay off the balance of the $5,000 debt in order to furnish to plaintiffs a deed to the property covered by plaintiffs' lease free and clear of all encumbrances. It is impossible to tell from the record whether or not the mortgage for $5,000 was paid off by Baker at the time of the sale or not. The pleadings of defendants, as well as the agreement of sale entered into between Brown and Baker, indicate that the entire purchase price was paid by Baker, and the property was deeded to him free and clear of encumbrances. There is, however, testimony in the record of Mr. Meyer to the effect that $2,000 in cash was paid by Baker and the mortgage of $5,000 assumed by him. It is quite possible that the bank holding the mortgage will be willing through negotiations with Baker to release the portion of the premises to which plaintiffs are entitled upon the payment by Baker of the whole or portion of the $3,100 which he will acquire from the plaintiffs. The decree gives to him the opportunity of so negotiating. It is to be noted, however, that the decree does not attempt to command Baker at all events to deliver the deed free and clear of all encumbrances. It merely furnishes him with the opportunity of doing so. If he does not do so but defaults in the delivery of the deed then the court has retained jurisdiction as a court of equity may do, to give such other relief in the premises as the equities of the case may require. The lower court was well within its right in making and entering such a judgment.

Complaint was also made that the defendants were not accorded a fair and impartial trial. The questioning by

the judge of Baker is cited as showing a prejudice on his part against this defendant. The case was tried without a jury. Although it is true that the judge questioned this defendant rather closely, it is apparent that the testimony of the defendant was vague and ambiguous and the questions were asked simply to make certain the real meaning of the defendant.

The judgment is affirmed.

Thompson, J., Langdon, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.