■ JOHN SAUTKULIS, Appellant, v. FRANCES CONKLIN et al., Respondents. (Action No. 1.) WILLIAM MATZOK et al., Respondents, v. JOHN SAUTKULIS, Appellant. (Action No. 2.) (Consolidated Actions.) — On January 2, 1951, appellant leased from respondent Conklin for five years part of a parcel of property, known as lot 23, and the rowboat business owned by the said respondent. The demised premises were not clearly defined, but were described as " that piece or parcel of land adjoining the tributary of the main Creek in the City of Glen Cove, used in connection with the rowboat business, owned by " said respondent. The lease contained an option to purchase the land and business on the same terms and conditions as any purchaser offered to respondent Conklin. On February 8, 1954, appellant purchased all the rowboats constituting the " business " referred to in the lease, the bill of sale stating that the transaction did not alter the terms of the lease. On June 13, 1952, respondent Conklin contracted to sell all of lot 23 to the respondents Matzok, without notifying appellant or giving him an opportunity to purchase, and on August 11, 1954, title closed. Appellant was never given an opportunity to purchase. Respondents Matzok knew of the terms of appellant's lease and option at the time of the closing. In this action for specific performance of the option and for other relief, the complaint was dismissed on the ground that the description of the property as to which the option applied was uncertain and indefinite. The appeal is from so much of the judgment dismissing the complaint and granting judgment to respondents Matzok for rent due, the latter demand having been made by way of a summary proceeding, which was consolidated with the main action. Judgment, insofar as appealed from, affirmed, without costs. In our opinion, the option was not vague or uncertain. It gave appellant the first option to purchase the demised premises. If there were uncertainty as to the exact southwesterly boundary of the demised premises, it could have been ascertained by parol evidence. (*Waring* v. *Ayres*, 40 N. Y. 357; *Pelletreau* v. *Brennan*, 113 App. Div. 806; *Miller* v. *Tuck*, 95 App. Div. 134.) However, appellant could exercise his option as to the land only if respondent Conklin determined to sell the demised premises. The fact that she sold all of lot 23 is not an indication on her part of an intention or desire to sell the demised premises alone (which was only part of lot 23) so as to give appellant the right to exercise the option to purchase. Respondent Conklin could not be compelled to sell only part of her property, and there is no proof in this record that she determined to sell only the demised premises separately from all of lot 23. (*New Atlantic Garden* v. *Atlantic Garden Realty Corp.*, 201 App. Div. 404, affd. 237 N. Y. 540.) Beldock, Acting P. J., Ughetta and Hallinan, JJ., concur; Murphy, J., dissents and votes to reverse the judgment insofar as appealed from and to dismiss the petition in Action No. 2, and to grant judg-

ment in Action No. 1 in favor of appellant to the extent of vacating the conveyance from respondent Conklin to the respondents Matzok insofar as the demised premises are concerned, with the following memorandum: All the respondents in Action No. 1 knew of appellant's right of a first option to purchase the land he had leased from respondent Conklin. While that respondent cannot be compelled to sell that land, she was subject to restraint in selling, and the respondents Matzok were precluded from buying, the demised premises, in violation of the option. (*New Atlantic Garden* v. *Atlantic Garden Realty Corp.*, 201 App. Div. 404, 412, affd. 237 N. Y. 540.) Kleinfeld, J., dissents and votes to reverse the judgment insofar as appealed from and to dismiss the petition in Action No. 2, and to grant judgment in Action No. 1 in favor of appellant to the extent of vacating the conveyance from respondent Conklin to the respondents Matzok, with the following memorandum: A lessee of part of an entire parcel, with a first option to buy the demised premises, should have the first opportunity to buy the entire parcel, although he cannot specifically compel the lessor to sell him only the leased portion. Otherwise, any sale of the entire parcel would deprive the lessee of the protection obviously intended. In the case relied upon by the majority (*New Atlantic Garden* v. *Atlantic Garden Realty Corp.*, 201 App. Div. 404, 412, affd. 237 N. Y. 540), the lessor was restrained from selling the premises demised to the lessee without giving the lessee "the first right to purchase the same". In my opinion, this injunction would apply to a proposed sale of the entire parcel, or any part of the parcel which would include the demised premises within its boundaries. [208 Misc. 903.]