97 So.2d 261 (1957)
DENCO, INC., a Florida corporation, Petitioner,
v.
William B. BELK, Respondent.
Supreme Court of Florida.
May 14, 1957.
On Rehearing October 9, 1957.
Holland, Bevis, McRae & Smith, Bartow, and Farish & Farish, West Palm Beach, for petitioner.
Paty, Downey & Daves, West Palm Beach, for respondent.
Certiorari denied.

On Rehearing.
DREW, Justice.
On October 15, 1950 J.W. Richbourg leased lots 1, 2 and 3, block 3, Palm Beach North, an addition to West Palm Beach, Florida, to William B. Belk for a ten year term commencing October 15, 1950, for a *262 total rental of $9,000 payable in installments of $75 per month. The lease contained a covenant on the part of the lessee that he would construct certain buildings upon the premises within a designated period of time and pay the cost thereof. The lease then further provided as follows:
"The parties hereto further agree that in event lessor, his heirs, administrators and assigns, desire to sell the aforesaid premises during the term of this lease, they shall so advise lessee in writing and shall give to said lessee the minimum figure at which said property is to be sold, and the said lessee shall be given twenty days from the date of such written notice within which to accept or reject such offer, and in the event the lessee rejects such offer, and the lessor, his heirs, administrators or assigns shall thereafter sell said property to some third party, who desires immediate possession of said premises and cancellation of said lease, said lessee agrees to surrender possession of said premises, and cancellation of lease, after three months notice, provided, lessor, his heirs, administrators or assigns shall pay to lessee within the said three months, that portion of the cost of the aforesaid buildings as represents the unexpired portion of lease less four per cent per annum as depreciation of said buildings, that is to say, if total cost of buildings be $5,000 and property is sold and possession delivered by lessee at expiration of one year, from date of lease, there is to be deducted 4% of $5,000 representing the cost of said buildings, or $200; that from the true valuation of $4,800 remaining, a deduction of 1/10 of said amount to be made, or $480, which would leave the total amount to be paid lessee $4,320; that the same procedure shall be followed in event of sale at expiration of any period during the terms of this lease, based upon the true cost of improvements.
"It is further agreed that all buildings or other construction of a permanent nature placed upon said premises shall become a part of the realty and upon termination of this lease shall become the property of lessor."
About two years after the lease was entered into the lessor died and sometime afterward an executor was appointed for his estate. Notice to creditors was duly published, the first publication being on the 14th day of November, 1952.
The lessee Belk constructed the buildings which he had covenanted in the lease to construct and continued in the possession of said premises as lessee without interruption during the course of the administration of the estate and until the present time. The record is silent as to whether the rent on the premises during the course of the administration of the estate was paid to the executor but we must assume that such state of facts did exist.
On June 29, 1956 the executor of the estate of J.W. Richbourg, the lessor, and all of the beneficiaries of the estate of John W. Richbourg, deceased, conveyed the lands described in the aforesaid lease (and other lands) to Denco, Inc., a Florida corporation, for a recited consideration of $67,000. The deeds of both the executor and the beneficiaries of the estate describe the identical lands covered in the lease aforesaid to Belk followed by the following language "subject to all existing leases with person or persons in possession and subject to all taxes and assessments subsequent to the year 1955, all easements, restrictions and reservations of record and zoning ordinances of the City of West Palm Beach, Florida." Shortly after this conveyance the lessee, Belk, filed his complaint against the executor of the estate and Denco, Inc., a Florida corporation, the grantee in the deed from the estate and the heirs, in which he recited the execution of the lease above referred to, the provisions contained in said lease with reference to the option of the lessee to buy in the event of a sale, which is contained in the quoted paragraph above, and that the lessee Belk, *263 the complainant, was in possession of the property as such lessee at all times subsequent to the date of said lease and had fully and completely complied with and abided by all of the terms and conditions imposed therein. The complaint recited the sale of the lands to Denco, Inc., alleged the same to be in violation of his rights under the lease and prayed that the conveyance be declared null and void as to the lands embraced within the lease and that the executor "be ordered to notify plaintiff in writing the price for which the above described property was sold or to notify plaintiff in writing the minimum figure for which said property could have been sold on July 24, 1956." A motion to dismiss this complaint was made and sustained by the trial court in an order in which he expressed the view "that no claim can be made against the Executor unless notice thereof has been filed within the time prescribed by the Statute of non-claim. * * * Plaintiff may have a cause of action, however, against a purchaser with notice, and under appropriate circumstances, the Executor would be a proper party defendant to the suit." An amended bill of complaint was thereupon filed containing substantially the same allegations as the original complaint but eliminating as a defendant the executor of the estate. The prayer in the amended complaint was that the court determine the value of the property covered by the lease (it having been included with other lands without a specific price being fixed on it) and that upon such determination being made "the court afford Plaintiff an opportunity to purchase the property described * * * for such sum, and in the event Plaintiff elects to so purchase said property that the court order Defendant to convey said property to Plaintiff upon such terms and conditions as the court may deem proper." A motion was made to dismiss the amended complaint on the ground that it stated no cause of action upon which relief could be granted. This motion to dismiss was denied and from such order certiorari was taken to this Court.
It is pertinent to observe here that this matter was originally heard before a division of this Court consisting of Chief Justice Terrell and Justices Thomas, Roberts and Thornal. On the original hearing on May 14th certiorari was denied without opinion. Following this denial a petition for rehearing was duly filed and granted by the division originally hearing the case and was set for hearing before this Court on July 8, 1957, at which time the Court as constituted was composed of Presiding Justice Hobson and Justices Drew and O'Connell and Associate Justices Carroll and Wigginton. Before the commencement of the argument it was suggested by the Presiding Justice to the respective counsel that the matter had been previously considered by a division of the Court none of whom were then present and that under such circumstances the parties, if they so desired, could continue the matter for hearing before the division which originally heard it. Counsel present for both parties advised the Court at that time that they desired the Court as then constituted to dispose of the matter on rehearing; hence the reason for an apparent departure from an established custom of this Court that rearguments or rehearings are disposed of by the division or Justices who heard the cause originally.
We turn now to a disposition of the cause on its merits. In fine, it is the contention of the petitioner, Denco, Inc. that inasmuch as the lessee failed to file his claim against the estate of the lessor within a period of eight months, as required by the probate act, he was barred from the relief prayed for in his complaint. It also argues that the lease containing the option is a contract within the intendment of Section 733.34, F.S.A., and we now quote from the petitioner's brief:
"Section 733.34, Florida Statutes 1955 [F.S.A.], must therefore be considered in conjunction with the above quoted section [733.16, F.S. 1955 [F.S.A.] as to the filing of claims on *264 options or contracts to purchase land made by a vendee with the decedent. If a claim is not filed by the vendee within the time for filing claims, namely, eight (8) calendar months from the time of the first publication of the Notice to Creditors, then the vendee has no further claim or interest in the land which he has a contract to purchase from said deceased person. In the case at bar, no such claim was filed within the statutory period of time for filing claims * * * and, therefore, the plaintiff Belk lost all right, title or interest in his option to purchase set forth in the lease which he had with the decedent John W. Richbourg."
If the option contained in the lease is a contract within the intendment of Section 733.34, F.S.A., [a question we do not decide] that section has no relation whatever to the situation presented on this record because we are not dealing here with any claim against the estate of a decedent. This cause no longer involves the estate but solely the purchaser from the estate and its beneficiaries. Moreover, the matter being dealt with in Section 733.34 is "the interest of the estate" in the real property subject to a contract of sale. Obviously the interest of the estate in an executory contract to purchase real estate is the balance remaining due upon the contract and not the land encumbered by it. It is, of course, true that the legal title is held by the estate or the heirs but they are actually trustees and the equitable title rests in the contract vendee. We find nothing in the probate act to support the contention of the petitioner that a contract vendee in possession who fails to file a claim against an estate of the vendor thereby loses his interest in the contract or the land covered by it. Obviously such a harsh result was never intended nor can we find anything in it which remotely suggests such conclusion.
The first sentence of Section 733.34 authorizes the sale of the interest of an estate in property encumbered by an outstanding contract for sale executed by the decedent prior to his death. That sentence provides for the sale of "such contract." In such event, of course, the legal title would have to be conveyed to the contract purchaser and the interest in the contract assigned in order to provide the means for a later conveyance to the contract vendee. The second sentence merely is a provision that in the event of such sale the purchaser may not look to the estate for any default on the part of the vendee. The purchaser becomes, so to speak, an assignee without recourse. The third sentence in the section is one which relieves the estate from any liability under the contract in the event the vendee consents to the sale or if the sale is made after the time for filing claims has expired, no claim is filed by him. The claim referred to therein obviously means and is confined to something other than the title itself which the vendee is entitled to under the contract provisions such as, but not limited to, monies that may be due the vendee for taxes which he may have paid which were the responsibility of the vendor to pay or encumbrances which he may have been forced to pay which should have been paid by the vendor or matters and things of that kind. The claim to the specific property covered by the contract and encumbered by it is not within the class mentioned in the section.
On the subject of claims against an estate, Redfearn's Work on Wills and Administration of Estates, 2nd Edition, page 496, interprets Section 733.16 (relating to the form and manner of presenting claims) to mean "* * * claims to specific property, real or personal, may be enforced as to the property encumbered or claimed, whether or not claims based on them are filed against the estate." See also Section 733.19 and cf. Hodges v. Logan, Fla. 1955, 82 So.2d 885.
Moreover, it is rather difficult for us to see how the option can be separated from any other part of the lease. A casual reading of the provisions of the lease leads *265 to the inescapable conclusion that the option was one of the essential elements which entered into the lease arrangement. We can reach no conclusion from the record other than that the petitioner here and the estate and its heirs recognized, as they must have, all of the provisions of the lease agreement except the right to purchase in the event of a sale and they reach this conclusion by urging the proposition that the lessee's failure to file his claim prevented him from thereafter exercising the option. There are numerous weaknesses to this argument. In the first place the option never was exercisable until long after the expiration of the time within which claims were to be filed. Therefore, during that period of time the lessee had no option to exercise and, therefore, no basis for making a claim.
The real and basic issue in this case, however, is simply whether the purchaser of this land, not only charged with knowledge of the rights of the lessee as a matter of law but placed on direct notice by the very provisions of the deed he accepted, may defeat the substantial rights of the lessee under the terms of this lease. Denco is not a bona fide purchaser. Denco, Inc. comes within the rule that persons dealing with an owner of land for purposes of sale or purchase who have knowledge of possession by a lessee, are placed on inquiry as to the full terms and conditions of the lease, including a provision granting a right of first refusal of purchase to the lessee if the lessor decides to sell the property during the term of the lease. Mercer v. Miller, 1946, 157 Fla. 78, 24 So.2d 893; Gilbert v. Van Kleeck, 3rd Dept. 1954, 284 App.Div. 611, 132 N.Y.S.2d 580. Also cf. Stein v. Green, 1955, 6 Ill.2d 234, 128 N.E.2d 743 and cf. McRae v. McMinn, 1880, 17 Fla. 876. We think the law and every concept of equity and good conscience requires Denco, Inc. to recognize the rights of the lessee under all of the provisions of the lease under which he holds possession of the property, not the least of these being the option above alluded to. Persuasive in this connection and in support of this conclusion, see Brenner v. Duncan, 318 Mich. 1, 27 N.W.2d 320, and Wilson v. Brown, 5 Cal.2d 425, 55 P.2d 485.
On rehearing granted, the original judgment denying certiorari is adhered to.
TERRELL, C.J., and HOBSON and O'CONNELL, JJ., and CARROLL and WIGGINTON, District Judges, concur.