Lloyd MYERS and Norma Myers,
Appellees,

v.

George LOVETINSKY and Mildred
Lovetinsky, Appellees,
and
T. H. Laundre, et al., Appellants.

T. H. LAUNDRE & ASSOCIATES, INC.
and McAlester Fuel Company,
Appellants,

v.

Lloyd M. MYERS and Norma Myers,
Appellees.

No. 54501.

Supreme Court of Iowa.

Sept. 9, 1971.

William L. Meardon, Iowa City, for appellants.

Cahill, Lovelace, Poula & Wimpey, Iowa City, for appellees Myers.

Ralph L. Neuzil, Iowa City, for appellees Lovetinskys.

UHLENHOPP, Justice.

This appeal involves the preferential right of a tenant to purchase demised premises when a landlord sells to a third person a larger tract of which the demised premises are a part. The subject is treated in 51C C.J.S. Landlord and Tenant § 88(7) at 273–274, in 49 Am.Jur.2d Landlord & Tenant § 371 at 388–89, and in Annot., 170 A.L.R. 1068.

We will refer to the larger tract including the leased portion as the farm and to the leased portion alone as the demised premises, to the individuals who owned the farm and granted the demise as the landlords, to the lessees of the demised premises as the tenants, and to the buyers of the farm from the landlords as the purchasers. (The purchasers subsequently conveyed the farm to a corporation, which stands in their shoes.)

The landlords owned a farm of about 94 acres on the north side of United States Highway 6 near Iowa City, Iowa. Approximately 475 feet of the farm adjoin Highway 6 and constitute valuable commercial property. The rest of the farm, extending north, is less valuable.

On September 19, 1961, the landlords leased an unimproved half-acre of the farm to the tenants for five years commencing March 1, 1961, for a miniature golf course and a dairy store. The tenants had previously been in possession of the half-acre, which has approximately 95 feet of frontage on Highway 6. The lease permitted the tenants to remove their improvements at the expiration of the term, though affixed to the land. The lease also contained this clause granting the tenants a preferential right to purchase the demised premises:

It is further agreed, that if, during the term of this lease, Lessor should desire to sell the leased premises, then the lessee shall have the privilege of purchasing at the same price for which the Lessor would be willing to sell to any other person; but if the Lessee should not exercise within 10 days after notice in writing from the Lessor of such desire to sell, then this privilege shall be null and void and of no effect. It is further agreed that the privilege contained in this paragraph is a personal privilege and shall not be a covenant remaining with the land.

The lease granted the tenants a right to extend the term under certain circumstances, but those circumstances did not arise and the right to extend need not be considered.

The tenants occupied the demised premises under the lease, made improvements, and paid the rent.

On December 26, 1963, the landlords granted the purchasers an option to buy the entire farm for $1,750 per acre, on a contract calling for installment payments running to 1969. The option was expressly subject to the tenants' lease and contained this clause:

The Sellers herein [landlords], upon the receipt of the said Notice to exercise the Option [by purchasers], shall thereupon give to the Lessees, Lloyd L. Myers and Norma Myers [tenants], the right of first refusal to purchase said tract of land covered by the certain Lease that was entered into on the 19th day of September, 1961, for the total purchase price of twenty thousand dollars ($20,-000.00). Said notice shall be given in writing, all as provided for in that certain Lease Agreement hereinbefore referred to.

In the event that Lloyd L. Myers and Norma Myers elect to exercise their right of first refusal by paying the sum

of twenty thousand dollars ($20,000.00) for the tract hereinbefore described, then in that event the total purchase price to be paid by the buyers shall be reduced by the sum of twenty thousand dollars ($20,000.00).

The option also provided that under certain conditions prior to final payment under the contract, the purchasers could obtain a deed to portions of the farm within 500 feet of Highway 6 by paying the landlords amounts in the same proportion of $20,000 as the portions so obtained bore in size to the demised premises.

On March 27, 1964, the purchasers exercised the option to buy the farm.

About March 31, 1964, the landlords gave the tenants notice in writing that the purchasers had "offered to purchase said described [demised] premises for the sum of $20,000.00 payable in cash" and that "you may purchase the same for the said amount of $20,000.00 on the same terms and conditions providing you will notify the undersigned within ten days from the receipt of this notice of your desire to purchase the same". Actually, the purchasers did not offer to buy the demised premises for $20,000, nor did they offer to pay cash. They bought the whole farm for $1,750 per acre, and they purchased on contract.

On April 2, 1964, the tenants notified the landlords in writing of the exercise of their preferential right to buy the demised premises "strictly in accordance with the terms * * * in said lease." The notice also recited, "This is not to be taken as a notice of an agreement on the part of the undersigned to pay the sum of $20,000 for said tract for the reason that the same is not in accordance with the terms and conditions of * * * the written lease above referred to."

Nothing further occurred at that time with respect to the tenants' buying the demised premises.

On April 26, 1965, the landlords and the purchasers entered into an agreement that the purchasers would pay the full balance of the price of the farm and the landlords would deliver the deed, which was done. Those parties also agreed that the landlords would retain possession until December 1, 1966, and the purchasers would sell the demised premises to the tenants on demand by them for not more than $20,000 in accordance with the lease. Laundre, one of the purchasers, also agreed to hold the landlords harmless from any claims by the tenants.

The tenants paid the rent in full to February 28, 1966, but none thereafter. They remained in possession of the demised premises and are still in possession.

The parties were unable to resolve their controversy, and the present litigation was instituted on August 3, 1967, for a declaration of rights. The purchasers also asked for reasonable rent for the demised premises forward from March 1, 1966, and for possession of those premises.

After trial, the trial court held that the tenants can exercise their preferential right to purchase the demised premises for such proportion of $1,750 as the demised premises bear to one acre in size, and that the tenants must pay rent at the lease rate forward from March 1, 1966. The purchasers appealed.

We are confronted with three problems. (1) Did the landlords, and the purchasers with them, breach the tenants' preferential right to purchase? (2) If so, to what relief are the tenants entitled? (3) Must the tenants pay rent forward from March 1, 1966?

I. *Breach of Preferential Right.* A lease clause such as the one before us is valid. If the landlord desires to sell the demised premises to a purchaser, he must give the tenant the first right to buy at the same price. Thereupon the tenant can buy at that price. 51C C.J.S. Landlord and Tenant § 88(2) at 267; 49 Am.Jur.2d Landlord & Tenant § 369 at 386; Annot., 2 A.L.R.3d 701, 703, 710.

To pinpoint the problem in the present case, some cases which this case is not may be eliminated. This is not a case of a sale by a landlord to a purchaser of only the demised premises which the tenant has a preferential right to buy. That, as seen, is a direct violation of the tenant's preferential right and entitles him to buy the demised premises. Neither is this a case of a sale by a landlord to a purchaser of only the portion of the farm not covered by the lease. The landlord can of course do that, for the tenant has no preferential right to buy the portion of the farm not demised. Nor is this a case of a sale by a landlord to a purchaser of the demised premises for a specified price and of the rest of the farm for a separate price. That entitles the tenant to buy the demised premises the same as if they had been sold alone by the landlord. This is a case in which landlords sell the whole farm including the demised premises to purchasers without separately pricing the demised premises and the rest of the farm. The decisions recognize in this kind of case, apparently without exception, that the landlord breaches the tenant's preferential right by so doing. Wilson v. Brown, 5 Cal.2d 425, 55 P.2d 485; Maron v. Howard, 258 Cal.App.2d 473, 66 Cal.Rptr. 70; Aden v. Estate of Hathaway, 162 Colo. 311, 427 P.2d 333; Denco, Inc. v. Belk, 97 So.2d 261 (Fla.); Brenner v. Duncan, 318 Mich. 1, 27 N.W.2d 320; Guaclides v. Kruse, 67 N.J.Super. 348, 170 A.2d 488; New Atlantic Garden v. Atlantic Garden Realty Corp., 201 App.Div. 404, 194 N.Y.S. 34, aff'd mem., 237 N.Y. 540, 143 N.E. 734; Sautkulis v. Conklin, 1 A.D.2d 962, 150 N.Y.S.2d 356, aff'd mem., 2 N.Y.2d 919, 161 N.Y.S.2d 885, 141 N.E.2d 916; Atlantic Refining Co. v. Wyoming Nat'l Bank, 356 Pa. 226, 51 A.2d 719; L. E. Wallach, Inc. v. Toll, 381 Pa. 423, 113 A. 2d 258; American Oil Co. v. Eastern Market Co., 60 York Leg.Rec. 33 (Pa.Com.Pl.); Smith v. Traxler, 228 S.C. 418, 90 S.E. 2d 482; First Nat'l Exch. Bank of Roanoke v. Roanoke Oil Co., 169 Va. 99, 192 S. E. 764. We conclude, therefore, that when the landlords here sold the whole farm to the purchasers for a single price of $1,750 per acre, they breached the tenants' preferential right to buy the demised premises.

Is the situation changed by the clause in the contract between the landlords and the purchasers requiring the landlords to offer the demised premises to the tenants for $20,000? We think not. Had the purchasers actually offered to buy the demised premises from the landlords for $20,000 and the landlords then offered those premises to the tenants for that figure, and the tenants refused to buy, the landlords would have been free to sell to the purchasers for $20,000. But that is not what happened. The landlords' recitation in their notice to the tenants that the purchasers had offered to buy the demised premises for $20,000 was false.

Upholding a device such as was attempted here by the landlords and the purchasers would permit persons occupying those positions to perpetrate wrongs on tenants. Consider the possibilities. If certain demised premises constituting a half-acre were worth $1,000 and a landlord and a purchaser wanted to eliminate a tenant, they could simply provide that the landlord should offer those premises to the tenant for $20,000—although the purchaser was buying the demised premises as part of a larger tract at $1,750 per acre for the whole. The only way the purchaser could eliminate the tenant would be by actually buying or offering to buy the demised premises for a separate price of $20,000. The tenant would then be entitled to his first refusal at that figure. If the tenant did not buy, he would be out of the picture.

II. *Relief.* To what relief are the tenants entitled for the breach? The question has three facets: (a) Are tenants in situations of this general kind entitled to specific performance, or only to some other type of relief? (b) Is the result changed in this particular case by the clause requiring the landlords to offer the demised premises to the tenants for $20,-

000? (c) What relief are these tenants entitled to now that the lease term has expired?

 (a) A tenant's preferential right to purchase is a species of option, and the universal rule is that specific performance of an option cannot be obtained by the optionee (the tenant) unless the terms of the option, including the price, are definite, or unless a means is provided for fixing the terms definitely. Janssen v. North Iowa Conference Pensions, Inc., 166 N.W.2d 901 (Iowa); 81 C.J.S. Specific Performance § 47 at 525; 49 Am.Jur. Specific Performance § 117 at 139. When a landlord offers to sell or sells demised premises alone to a purchaser for a price, the price becomes definite for the tenant's preferential right, and the tenant can obtain specific performance. See, e. g., cases collected in Annot., 2 A.L.R.3d 701, 703, 710, supra. But when a landlord sells a whole farm including demised premises without separately pricing the demised premises and the rest of the farm, the price of the demised premises alone has not become fixed. To say that the price of the demised premises is an exact portion of the whole price in proportion to acreage is unwarranted, for the demised premises may have a considerably different value from a parcel of the same size elsewhere in the farm. See Guaclides v. Kruse, 67 N.J.Super. 348, 358, 170 A.2d 488, 494 ("the unwarranted assumption that every acre of the parcel was of equal value").

On this basis, then, a majority of the courts which have considered the problem have held that the tenant cannot obtain specific performance in these situations. But the tenant is not without remedy. Since the landlord breached the tenant's preferential right by selling the demised premises as part of the larger tract, the tenant can obtain relief which will maintain the status quo ante until the end of the lease term, when the preferential right expires. This may be accomplished by enjoining the landlord from conveying the demised premises to the purchaser, or, if the landlord has already conveyed, by requiring the purchaser to reconvey those premises to the landlord. Guaclides v. Kruse, 67 N.J.Super. 348, 170 A.2d 488; New Atlantic Garden v. Atlantic Garden Realty Corp., 201 App.Div. 404, 194 N.Y.S. 34, aff'd mem., 237 N.Y. 540, 143 N.E. 734; Sautkulis v. Conklin, 1 A.D.2d 962, 150 N.Y.S.2d 356, aff'd mem., 2 N.Y.2d 919, 161 N.Y.S.2d 885, 141 N.E.2d 916; Atlantic Refining Co. v. Wyoming Nat'l Bank, 356 Pa. 226, 51 A.2d 719; L. E. Wallach, Inc. v. Toll, 381 Pa. 423, 113 A. 2d 258; American Oil Co. v. Eastern Market Co., 60 York Leg.Rec. 33 (Pa.Com.Pl.); Smith v. Traxler, 228 S.C. 418, 90 S.E. 2d 482. Two jurisdictions grant the tenant specific performance based on the market value of the demised premises as found by the court. Wilson v. Brown, 5 Cal.2d 425, 55 P.2d 485; Maron v. Howard, 258 Cal. App.2d 473, 66 Cal.Rptr. 70; Brenner v. Duncan, 318 Mich. 1, 27 N.W.2d 320.

We align ourselves with the majority view on this issue. We think that to grant specific performance of the demised premises for their market value is to rewrite the tenant's preferential right. That right requires the landlords here to sell to the tenants "at the same price for which the Lessor would be willing to sell to any other person", not "at the market value." Cf. Wolf v. Lodge, 159 Iowa 162, 165, 140 N. W. 429, 430 ("Nothing in the instrument indicates a purpose of the parties to limit the price to the fair or reasonable value of the land."). We hold that in these situations the tenant's relief is limited to maintaining the status quo ante with respect to the demised premises for the rest of the term of the lease.

 (b) Does the clause requiring the landlords to offer the demised premises to the tenants for $20,000 permit the court to fix the price of the demised premises and thereupon grant specific performance?

We do not think so. The price of the demised premises still has not been fixed in the manner provided in the preferential right. As stated, that right allows the tenants to buy "at the same price for which the Lessor would be willing to sell to any other person". These landlords have not offered to sell or sold the demised premises to the purchasers for $20,000, for market value, or for any separately stated price. A clause requiring the landlords to offer the premises to the tenants for $20,000 is not a clause by which the purchasers offer to buy or buy the premises from the landlords for $20,000. The price for these demised premises has not become fixed, and specific performance cannot be decreed.

■ (c) To what relief are these tenants entitled at this time? The tenants have been aware of the sale by the landlords to the purchasers since at least March 31, 1964, when the landlords served notice on the tenants. Had the tenants sought relief at that time to maintain the status quo as to the demised premises for the rest of the lease term, they would have prevailed. But the tenants did not do so. They waited until their lease expired before suing. But when the lease expired, the tenants' preferential right expired. They are not now entitled to relief.

■ III. *Rent.* When the lease expired, the purchasers became entitled to possession of the demised premises. They served notice of termination of the tenancy on the tenants. In their counterclaim, the purchasers demand payment by the tenants of the reasonable rental value of the demised premises from March 1, 1966, until the premises are vacated. The purchasers are entitled to that relief. Meier v. Johannsen, 242 Iowa 665, 47 N.W.2d 793. They may obtain such relief in supplemental proceedings in this cause. Rule 266, Rules of Civil Procedure. The rent will be for the premises as unimproved land. The tenants may remove their improvements although affixed to the land.

Reversed.

All Justices concur except REYNOLDSON, J., who takes no part.