HENDRY, Judge.
Appellant, respondent and counterpeti-tioner below, appeals a final judgment of the trial court dated June 19, 1975, in favor of appellee, petitioner and counterrespon-dent below.
Through the efforts of appellant, a licensed real estate broker, Mrs. Beulah McCollum King entered into an option contract dated August 31, 1972, with Mr. Meyer Siegel for the sale of certain real property. On the same date, Mrs. King entered into a written agreement with appellant providing for the payment of a real estate brokerage commission for his services.
Pursuant to the terms of the option contract, Mrs. King received option payments of $50,000 and $30,000 from which appellant was paid $5,000 and $1,500, respectively, toward his total commission. The option contract provided that it could only be exercised by the optionee during the period commencing on the 181st day after the death of Mrs. King and ending on the 211th day after her death. The commission agreement with appellant provided for a total brokerage commission of $100,000 (to be reduced by the amount of any payments made out of the periodic option payments during Mrs. King’s life) to be paid when the option was exercised.
Mrs. King died on March 23, 1974. On April 2, 1974, notice to creditors was first published. Thereafter, by a letter dated June 20,1974, Mr. Siegel, the optionee, gave notice of his intention to exercise the option in accordance with the terms of the option contract. On August 19, 1974, the co-executors of the estate of Mrs. King filed their petition for authority to sell the real prop *57 erty pursuant to the option contract and to pay appellant his commission. Subsequently, the trial court entered an order dated August 16, 1974, authorizing the sale and the payment of appellant’s commission. Thereafter, on October 15, 1974, the co-executors petitioned the trial court to amend the August 16, 1974, order. This petition, as amended, sought, among other things, to eliminate the authorization to pay appellant the balance of his commission. Basically, the grounds for this petition were that appellant had not filed his claim for the commission within four months after the first publication of notice to creditors and, therefore, pursuant to Section 733.16, Florida Statutes (1974), the claim was barred. Appellant responded and counterpetitioned for his commission. On Juné 19, 1975, a final judgment was entered by the trial court granting the relief sought by the co-executors in their petition, as amended, and dismissing appellant’s counterpetition with prejudice.
Appellant contends on appeal that the trial court erred in finding and adjudging that he was not entitled to the balance of his commission. Basically, appellant argues that the claim for his commission is not barred by Section 733.16, Florida Statutes (1974).
Based on the facts of this case, in our opinion, appellant’s claim was not the type of contingent claim barred by Section 733.-16, Florida Statutes (1974), if not filed within four months from the time of the first publication of the notice to creditors. See Denco, Inc. v. Belk, 97 So.2d 261 (Fla.1957); and Section 733.16, Florida Statutes (1974). Further, in our opinion, the other conclusions of law set forth in the final judgment appealed denying appellant his commission are also without merit.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.