GLICKSTEIN, Judge,
concurring specialty-
The reason for the concurrence is to discuss appellants’ attempted distinction between this case and the case cited by the majority as the basis for affirmance.
Appellants incorrectly suggest that the court in Denco, Inc. v. Belk, 97 So.2d 261 (Fla.1957), was not concerned with the non-claim statute. Section 733.34, Florida Stat *1116 utes (1957), was not the predecessor to the present non-claim statute.[1]
The supreme court in Denco spelled out a number of reasons why the holder of an option to purchase contained in a lease need not file a claim in the decedent lessor’s probate estate. The only difference in this case and Denco is that here the decedent’s personal representatives are seeking to void the option to purchase because no claim was filed by the lessee/owner of the option. There, the lessee sued the purchaser of the leased realty to enforce its right under the base lease to first refusal of purchase.
While the writer takes issue hereinabove with appellants’ perception of Denco, it can be understood, at first blush, how the personal representatives here could find some justification for their position in Grossman v. Selewacz, 417 So.2d 728 (Fla. 4th DCA 1982). However, closer analysis dissipates such reliance. We are concerned here with specific property. The court in Denco said:
On the subject of claims against an estate, Redfearn’s Work on Wills and Administration of Estates, 2nd Edition, page 496, interprets Section 733.16 (relating to the form and manner of presenting claims) to mean “ * * * claims to specific property, real or personal, may be enforced as to the property encumbered or claimed, whether or not claims based on them are filed against the estate.” See also Section 733.19 and cf. Hodges v. Logan, Fla.1955, 82 So.2d 885.
Moreover, it is rather difficult for us to see how the option can be separated from any other part of the lease. A casual reading of the provisions of the lease leads to the inescapable conclusion that the option was one of the essential elements which entered into the lease arrangement.
Id. at 264-65.

. Section 733.34, Florida Statutes (1957), provided:
733.34 Sale of real property subject to contract to purchase. — If a decedent at the time of his death was the owner of real property subject to a contract to sell and convey said property, the interest of the estate in such property and such contract may be sold under order of the county judge in the same manner as other real estate. No recourse shall be had against the estate or the personal representative for the nonpayment or nonperformance by the vendee under any such contract. The consent of the vendee under any such contract to the sale thereof shall discharge the estate and the personal representative from all obligations, duties and liabilities with respect to such contract, but such consent shall not be required if no claim has been filed thereon and the time for filing claims has expired.