# IN THE COURT OF APPEALS OF IOWA

No. 22-0126
Filed April 10, 2023

**PISTOL LIMITED COMPANY,**
    Plaintiff-Appellee,

**vs.**

**GREEN FAMILY FLOORING, INC.,**
    Defendant-Appellant.
_____

**PISTOL LIMITED COMPANY,**
    Counterclaim Defendant,

**vs.**

**GREEN FAMILY FLOORING, INC.,**
    Counterclaim Plaintiff.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

The defendant appeals the district court's decision finding the plaintiff did not breach the right of first refusal in the parties' lease agreement. **REVERSED AND REMANDED.**

Kyle Kruidenier, Michael J. Streit, and Jeffrey P. Schultz of Sullivan & Ward, P.C., West Des Moines, for appellant.

David A. Morse of Law Offices of David A. Morse, Des Moines, for appellee.


Considered by Tabor, P.J., Buller, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Green Family Flooring, Inc.[1] (Green) appeals the district court's decision finding Pistol Limited Co.[2] (Pistol) did not breach the right of first refusal in the parties' lease agreement. Pistol could not defeat Green's right of first refusal by requiring it to buy a larger property as part of a package deal. We reverse the decision of the district court and remand for further proceedings.

## I.    Background Facts & Proceedings

On May 30, 2014, Pistol and Green entered into a lease agreement for 1901 Beaver Avenue in Des Moines for a period of five years beginning on June 1, 2014. The lease contained an option to renew for an additional term of five years. Pistol owned the building and operated a restaurant, Chef's Kitchen,[3] at 1903 Beaver Avenue, in the portion of the building not leased to Green.

The lease contained the following provision:

> In the event of any offer to purchase the building in which the premises are located is acceptable to [Pistol] at any time or times during the original or extended term hereof for the sale of the premises or for a lease to commence upon the expiration or earlier termination of the original or extended term hereof, [Pistol], prior to acceptance thereof, shall give [Green], with respect to each such offer, written notice thereof and a copy of said offer including the name and address of the proposed purchaser or tenant and [Green] shall have the option and right of first refusal for thirty (30) days after receipt of such notice within which to elect to purchase or lease the premises, as the case may be, on the same terms and conditions of said offer. If [Green] shall elect to purchase or lease the premises pursuant to the option and first refusal granted, it shall give notice of such election within such thirty (30) day period. [Green's] failure at any time to exercise its option under this paragraph shall not affect

---

[1] Green is owned and operated by Robert and Jeni Green.
[2] Pistol is owned by Steve and Kristi Little.
[3] The restaurant was held in the name of SPL, Inc. Kristi is an owner and the president of SPL.

this lease and the continuance of [Green's] rights and obligations under this and any other paragraph herein.

In October 2018, Green received a document titled "Declination to Exercise Right of First Refusal" from Pistol, which stated Pistol had received an offer to purchase the building and Green declined to exercise the right of first refusal. Green did not sign the document.

On November 12, 2018, Kristi, as the authorized agent of Pistol, signed a purchase agreement to sell the entire building at 1901 and 1903 Beaver Avenue to Jason Simon for $300,000. The sale was scheduled to close on January 3, 2019. The agreement stated:

> [Simon] acknowledges some portion of the property being purchased is currently the subject of a lease between [Pistol] and third part(ies) who are not a party to this Purchase Agreement. Said lease involves the Green Family Flooring location on the south side of the building. . . . At the time of closing, [Pistol] will assign its interest in the Lease to [Simon].

A separate Asset Purchase Agreement between the parent company of the restaurant and Simon was also signed on November 12, 2018. Simon agreed to purchase the restaurant's assets for $235,000, plus $65,000 for inventory.

Shortly thereafter, on November 15, Green requested a copy of the offer on the building. It also sent written notice that it intended to extend the lease. On December 5, 2018, Pistol signed an extension of the lease for an additional five-year period, commencing on June 1, 2019, and ending on May 31, 2024. In all other regards, the terms of the lease remained in effect.

Green attempted to exercise its right of first refusal on December 7, 2018. It expressed an interest in purchasing the building for $300,000 with a closing date of January 21, 2019. Pistol responded:

> [T]he transaction involving the anticipated sale of the building at 1903 Beaver Avenue is part of a package deal involving the sale of the Chef's Kitchen restaurant business which operates at that location. The agreement to sell the building is specifically conditioned on the purchase of the business and the total consideration involved in that package deal is $700,000.00 with scheduled closing to take place on or about 3 January 2019.

Pistol stated that Green did not propose to purchase the property "under the same terms and conditions of the offer from Jason Simon . . . and is therefore not acceptable." Pistol asserted that if Green wanted to exercise its right of first refusal, it needed to enter into the same package deal by December 21.

Green did not enter into a package deal with Pistol. The closing of the sale of the property to Simon occurred on January 4, 2019. Pistol informed Green of the sale.

On February 29, 2020, Pistol filed a petition for declaratory relief, requesting a ruling that Green did not properly exercise its right of first refusal because it did not agree to purchase the property with the same terms and conditions as the sale to Simon. Green answered the petition and denied that it was required to agree to a package deal. Green also raised a counterclaim, asserting Pistol breached the terms of the lease agreement. Pistol denied the allegations in the counterclaim.

A bench trial was held on August 10, 2021. The district court found:

> The terms of the right of first refusal applied only to offers to purchase of the building. Here there was no offer for the purchase of the building alone. The Simon offer was a package offer. Simon would not buy, nor would the Littles sell, the building separate from the restaurant. Given the facts in this case, the attempt to sell the building in conjunction with the restaurant cannot be considered as an indication that Pistol was interested in selling the building alone. The contractual right of first refusal is inapplicable by its own terms.
> Additionally, there was no attempt to rewrite Green's contractual rights by engineering the package sale. The evidence shows the Littles wanted to retire from the restaurant business and

the record is void of any acceptable offers to purchase the building alone. The evidence indicates a good faith decision by the Littles to sell the business and the building as a package.

(Footnote omitted.) The court determined the terms of the lease agreement had not been breached. The court granted the petition for declaratory relief and denied Green's counterclaim. Green appealed the district court's decision.

## II.	Standard of Review

"The court's review of a declaratory judgment action depends upon how the action was tried to the district court." *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 178 (Iowa 2010). Where an action is based on breach-of-contract claims, our review is for the corrections of errors of law. *Id.* at 179. "Under this standard of review, the trial court's findings carry the force of a special verdict and are binding if supported by substantial evidence." *Id.* The court is not, however, bound by the legal conclusions of the district court. *Id.*

## III.	Right of First Refusal

Green asserts that Pistol could not defeat its right of first refusal by creating a package deal where the property subject to the right of first refusal is only a portion of the property sold. It states the right of first refusal applies "[i]n the event of any offer to purchase the *building* in which the premises are located." (Emphasis added.) Green claims there was no expectation that it would be required to purchase the restaurant because the terms of the lease agreement did not include the restaurant.

"A right of first refusal is a conditional option which is dependent upon the decision to sell the property by its owner." *Stone v. Stone*, No. 11-1146, 2012 WL 2122319, at *2 (Iowa Ct. App. June 13, 2012) (quoting 17 C.J.S. *Contracts* § 58

(2011)); *see also AGR-Keast, L.L.P. v. Steen*, No. 10-0835, 2011 WL 649648, at *4 (Iowa Ct. App. Feb. 23, 2011) (noting "a right of first refusal [is] conditional upon the owner's desire to sell"). In general, a right of first refusal is valid and enforceable. *Henderson v. Millis*, 373 N.W.2d 497, 503 (Iowa 1985). A right of first refusal may be waived by the party holding the right. *Stone*, 2012 WL 2122319, at *3.

A similar factual situation arose in *Myers v. Lovetinsky*, where a landlord owned a farm of about ninety-four acres and leased one half-acre of the farm to the tenant, Myers. 189 N.W.2d 571, 573 (Iowa 1971). The lease agreement contained a right of first refusal for the leased premises. *Id.* The landlord gave the purchasers an option to purchase the farm, including the leased area. *Id.* Myers was informed he could exercise the right of first refusal by paying the purchase price for the entire farm.[4] *Id.* at 573–74. The Iowa Supreme Court determined:

> This is a case in which landlords sell the whole farm including the demised premises to purchasers without separately pricing the demised premises and the rest of the farm. The decisions recognize in this kind of case, apparently without exception, that the landlord breaches the tenant's preferential right by so doing.

*Id.* at 575 (collecting cases). The court determined the proper remedy was "limited to maintaining the status quo ante with respect to the demised premises for the rest of the term of the lease." *Id.* at 576. The court concluded Myers was not entitled to relief because he waited until the lease expired before bringing an action for relief. *Id.* at 577.

---

[4] Additionally, the landlord falsely informed Myers that in order to exercise the right of first refusal he would need to pay $20,000 for the half-acre being leased, although the proposed sale was for $1750 per acre for the entire ninety-four-acre farm. *Myers*, 189 N.W.2d at 576.

A plain reading of the *Myers* case supports a finding that Pistol could not defeat Green's right of first refusal by requiring it to buy the restaurant to get the building. *See id.* at 575. A package deal cannot defeat the right of first refusal.[5] *Id.* Although not cited or discussed by it, the trial court's conclusion adopts a minority view, following *Crow-Spieker No. 23 v. Robert L. Helms Constr. & Dev. Co.*, 731 P.2d 348, 350 (Nev. 1987), which held that because the offer was for more than the building, the right of first refusal was not implicated.[6] In Iowa we must follow the holding in *Myers*. *See Nationwide Agribusiness Ins. Co. v. PGI Int'l*, 882 N.W.2d 512, 518 n.4 (Iowa Ct. App. 2016) ("We are not, however, at liberty to overturn Iowa Supreme Court precedent."). We conclude the district court erred by failing to follow Iowa legal precedent in its decision that the right of first

---

[5] A lengthy discussion of the right of first refusal in association with package deals is found in a law review note, which concludes:

> In terms of fairness and efficiency, the most appropriate default rule is to require an owner who receives an acceptable offer for a package deal to provide the rightholder with an opportunity to purchase the burdened portion of the package at a reasonable price. If the owner fails to do so, the rightholder should be entitled to enforce her privilege by purchasing the burdened property at a price determined by the court to be fair and reasonable.

Bernard Daskal, Note, *Rights of First Refusal and the Package Deal*, 22 Fordham Urb. L.J. 461, 501 (1995).

[6] There are several cases that have refused to follow *Crow-Spieker*. *See B&R Oil Co., Inc. v. Stoler*, 77 N.E.3d 823, 833 (Ind. Ct. App. 2017) (listing *Crow-Spieker* as contrary to "the substantial weight of authority"); *Navasota Res., L.P. v. First Source Tex., Inc.*, 249 S.W.3d 526, 536 (Tex. App. 2008) (noting *Crow-Spieker* "is contrary to the greater weight of authority on this particular issue"); *Chapman v. Mut. Life Ins. Co.*, 800 P.2d 1147, 1151 (Wyo. 1990) (stating *Crow-Spieker* is contrary to the holding of a "great majority of courts that have addressed this issue" and "a preemptive right may not be defeated by a sale of the property burdened by the right as part of a larger tract"); *but see Kutkowski v. Princeville Prince Golf Course, LLC*, 300 P.3d 1009, 1020 (Haw. 2013) (Recktenwalk, C.J., concurring in part and dissenting in part) (listing *Crow-Spieker* as following a majority of other jurisdictions).

refusal was inapplicable as Pistol wanted to sell the property as part of a package deal. Put simply, Pistol had bargained away any right to force Green to buy either the restaurant with the land or nothing at all.

On appeal, in addition to the claims regarding the package deal, Pistol claims Green did not effectively exercise its right of first refusal because its offer (1) had a different closing date than Simon's offer and (2) was conditional on financing. Pistol contends Green did not meet the requirements of the right of first refusal in the leasing agreement because the offer was not "on the same terms and conditions of said offer."

Simon's offer had a proposed closing date of January 3, 2019,[7] while Green proposed to close the sale on January 21. Green's offer did change the date, but Pistol does not explain how this difference is material. We note that if Pistol had timely notified Green of the offer to purchase from Simon then potentially Green could have closed sooner. Also, Green's offer was not contingent on financing. Green's offer stated, "Buyer's lender will require approximately forty-five (45) days [from] the date of this agreement to fund the transaction." The offer merely recited that the closing needed to be two weeks later to allow financing to be put in place.

We reverse the district court's decision and remand for a determination of a proper remedy for Green. *See Myers*, 189 N.W.2d at 576–77 (discussing possible remedies when a landlord violates a tenant's right of first refusal).

**REVERSED AND REMANDED.**

---

[7] The sale actually closed on January 4, 2019.