Coös,
May 1, 1923.

JOSEPH GOSSELIN & a. v. DAVID H. THURSTON.

An offer by the owner of property to give "the first chance" to buy it, was complied with by his naming a price which the offeree was willing to give if he could not buy for less before the property was offered to others.

ASSUMPSIT, to recover for the breach of an agreement by the terms of which the defendant was to give the plaintiffs the first chance to buy the building in which they were doing business. Transferred by *Allen*, J., on the plaintiffs' exception to a directed verdict. The facts are stated in the opinion.

*Ovide J. Coulombe* and *Crawford D. Hening* (*Mr. Hening* orally), for the plaintiffs.

*Leon D. Ripley* and *Warren W. James* (*Mr. James* orally), for the defendant.

YOUNG, J. The plaintiffs had had some talk with the defendant about purchasing the building before January 12, 1922, when he

wrote them saying he was finding out whether he could sell it but would not know until after the April term of court, and that he was doing as he agreed by them and asked them to make an offer for the property, saying also that he would find out in a few days what he would ask for it, and that there were two others who wanted to buy it, but that he was giving the plantiffs the first chance.

To this the plaintiffs replied in substance that it was not for them to make a price on his property. January 21, 1922, he wrote them again saying that the building was not paying him; that he thought it was worth $7,500 though he did not know as he could get that for it and then said, "please write me and let me know what you . . . . will give and nobody knows about this and perhaps you will buy."

The plaintiffs answered this letter a few days later, saying they would give a reasonable price for the property. Although the defendant says in these letters that he can't sell the property until after the April term of court, it is obvious from the context that what he meant was that he would not know until then whether he could give a good title to the property — not that he did not want to make a trade for it until after court adjourned; for he says that he will know in a few days — not after court adjourns — what he will take for it and asks them to make him an offer and says that if they will perhaps they will buy.

In short, the only conclusion that can fairly be drawn from the language of these letters is that he wanted to dispose of the property and that his purpose in writing these letters was to give them a chance to buy it, for he says he is doing as he agreed by them, that is, giving them the first chance.

In other words, it is obvious, when these letters are read in the light of the surrounding circumstances, that his purpose in writing them was to do as he agreed by the plaintiffs by offering the property to them before offering it to others; and that is what they understood he was doing, for they testified that he offered the property to them for $7,500 and that the reason they did not accept his offer was because they hoped to buy it for less.

Since the defendant offered the property to the plaintiffs for a price they were willing to give if they could not buy for less before he offered it to others, a verdict for him was properly ordered, for when he offered the property to them and asked them to make him an offer he did all that it can be found he agreed to do, for that was giving them a chance to buy the property, and there is no

evidence which even tends to the conclusion that he had offered it to others before offering it to them.

In a word, after he offered the property to the plaintiffs and they declined to make him an offer, he was under no further legal obligation to them, for while it is true that if they had made him an offer it would have been his duty to accept it unless he found someone who would give more, it cannot be found he agreed that if anyone, at any time, made him an offer he was willing to accept he would offer the property to the plaintiffs at that price.

What he agreed to do and all he agreed to do was to give them the first chance to buy the property and it cannot be found that he has broken that agreement.

*Exception overruled.*

All concurred.