WILLIAM WHITESIDE et al., Plaintiffs, *v.* HAZEL M. PETERSEN, Defendant.

Supreme Court, Special Term, Nassau County, December 3, 1953.

*Stim & Short* for defendant.

*Thomas A. Dwyer* for plaintiffs.

CHRIST, J. By lease dated October 22, 1949, the defendant Hazel M. Petersen through her attorney in fact, Eleo Zaremba, leased to the plaintiffs, William Whiteside and Robert Schneider, a gasoline station and garage located on the southeast corner of Jerusalem Avenue and Sawmill Road, North Bellmore, Nassau County, New York, for the term of five years, commencing November 1, 1949, and ending October 31, 1954, at a rental of $50 per month for the first year and $75 per month for the remaining four years of the term. This lease contained the following paragraph: '' 26th. That the tenant is hereby given first option to buy the within demised premises during the term of this lease for the sum of $9,000.''

This lawsuit revolves around the tenants' endeavor to acquire title to the property. It will be noted that this option is not an absolute option to purchase but merely one conditioned upon the owner's willingness to sell. It is a '' first '' option to buy. Such an option is only a right of first refusal if the premises are offered for sale to another (*R. I. Realty Co.* v. *Terrell,* 254 N. Y. 121; *Burbach* v. *Sinram,* 237 N. Y. 600; *London* v. *Joslovitz,* 279 App. Div. 252).

The complaint does not show that there was any disposition on the part of the owner-landlord to sell to another and thus, under the language of paragraph '' 26th '' of the lease, there would be no absolute right in the tenants to compel a conveyance. The complaint alleges, and the fact is, that the defendant through her attorney forwarded to the plaintiffs a formal contract of sale of the property. This contract, however, had the name of the landlord typed in at the usual place for the signature and beneath it was also typed the name of her attorney in fact, the same one who executed the lease in her behalf. This contract was never signed by the landlord nor by anyone in her behalf. However, it was signed by the tenants. It was dated February 23, 1952, and it provided, among other things, for a closing of title at the office of the defendant's attorney on March 1, 1952.

Upon the strength of the option in the lease, taken alone, there is no right in the plaintiffs to compel a conveyance and the contract which was submitted in the exchange of letters passing between the attorneys for the parties was never signed by or in behalf of the landlord and so it is unenforcible under the Statute of Frauds (Real Property Law, § 259). If plaintiffs are to recover it must be upon a combination of two things: (1) the lease duly signed containing the option provision and (2) the submission of a contract by the owner-landlord's lawyer indicating his client's willingness to sell. The defendant's

lawyer by letter dated January 24, 1952, said that a contract had been prepared and forwarded to the defendant's attorney in fact. It was also stated in this letter that it would be necessary, before the formal contract was signed, that the rent in arrears be paid in full. An executed copy of the proposed contract was sent by the defendant's attorney to the plaintiffs' attorney with a letter dated February 4, 1952. In this letter it was explicitly stated that the rent arrears, then amounting to $600, would have to be paid before a contract would be entered into by the defendant. The arrears had not been paid by February 21st, and another letter was forthcoming. On February 26th, a letter in behalf of the plaintiffs sent by their attorney said that the rent would be paid within a short period of time and stated further that there was no need for a contract since the lease with the option was itself sufficient. The rent thereafter was paid. A title search was completed and the defendant's attorney was informed of the objections which the title company had raised. Thereafter, word was sent by the defendant's attorney to the plaintiffs' attorney that the defendant did not wish to sell the property. It is on this state of facts that the plaintiffs seek a judgment of this court directing specific performance of the contract of sale described in the complaint. Here, there is no right to recover under the option, since the conditions under which a first option becomes effective have not been alleged to have been fulfilled and the proposed contract which was submitted was never signed by the owner of the property. The lease and the contract of sale together are not sufficient to form a memorandum signed by the owner-landlord which would take this transaction out of the Statute of Frauds.

Even if it were held that the lease and the contract of sale constitute a memorandum within the requirements of the Statute of Frauds, the plaintiffs would be barred from relief. The defendant's answer contains a defense that the plaintiffs are not the real parties in interest. By an assignment dated February 23, 1952, indorsed on the contract of sale the plaintiffs assigned all their rights under the contract to one Alfred Mion. The assignment reads: "For value received, the within contract and all the rights, title and interest of the purchaser hereunder are hereby assigned, transferred and set over unto Alfred Mion and said assignee hereby assumes all obligations of the purchaser hereunder." By that assignment, the plaintiffs here have ceased to be the real parties in interest. If the contract were valid and there were rights against the defendant under it, such rights would run to Mion and not to the plaintiffs. The

plaintiffs may not recover rights which they have assigned to another. If the plaintiffs were to be granted the relief which they seek, namely, a judgment directing the defendant to convey the property to them, the defendant would be placed in the anomalous position of being subject to a demand for a conveyance of the property by the assignee, Mion. This illustrates the correctness of the statutory requirement for maintaining an action in the name of the real party in interest. (See *Considerant* v. *Brisbane,* 22 N. Y. 389, and *Allen* v. *Brown,* 44 N. Y. 228.)

Judgment is granted in favor of the defendant, dismissing the plaintiffs' complaint.

This memorandum constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Settle judgment on notice accordingly.