168 Cal.App.2d 400 (1959)
P. E. O'CONNELL et al., Appellants,
v.
LEONARD WEITZMAN et al., Respondents.
Civ. No. 5937. 
California Court of Appeals. Fourth Dist. 
Mar. 5, 1959.
 Oregon Smith for Appellants.
 Daniel J. Cowett and Joseph A. Katz for Respondents.
 SHEPARD, J.
 This is an action for specific performance which arises out of a dispute over the rights of the lessee under a "first opportunity to purchase" clause contained in a real property lease.
 The trial court, after full trial on the merits, found: that January 1, 1953, defendants James W. Harrison and Sylvia L. Harrison, his wife, (hereinafter called Harrisons) as owners, leased certain realty to Helen Glasgow, which realty was a portion of a larger tract owned by Harrisons; that Paragraph Fifteenth of said lease contained the following *402 provision: "If the Lessors should decide to sell this property the Lessee herein is to be given the first opportunity to purchase same"; that this clause referred to the entire tract owned by Harrisons and not to the particular portion under lease; that on January 6, 1954, Helen Glasgow assigned her rights under the lease to plaintiffs without the knowledge or consent of Harrisons, but that Harrisons after knowledge of the assignment continued to accept the rent from plaintiffs without protest or objection; that Harrisons on several occasions prior to the assignment of the lease by Helen Glasgow to plaintiffs, informed said Helen Glasgow that the property was then for sale and on each such occasion said lessee, Helen Glasgow, declined the offer and was not willing to purchase said realty or any part of it; that after the assignment of the lease to these plaintiffs Harrisons also offered to sell the property to these plaintiffs "who stated they were not interested in buying this property"; that after offering the property to the plaintiffs herein Harrisons executed to defendant Weitzman an option for the sale of the entire tract of realty described in the complaint herein, which option was exercised on January 9, 1956, and a deed from Harrisons to Weitzman was recorded April 11, 1956; and that at the time the option was given to Weitzman plaintiffs were in possession of that portion of the property covered by their lease. The court further concluded from these findings that Harrisons were not obligated to advise plaintiffs of the price and terms of sale offered by defendants Weitzman after plaintiffs had rejected Harrisons' offer to sell plaintiffs the property. The court rendered judgment denying plaintiffs any relief. From this judgment plaintiffs have appealed.
 Appellants submit, by their brief, two issues to this court:
 "1. An issue of law. Were the lessors required to notify appellants that they had received an offer at a price at which they wished to sell and were they required to notify appellants of the price and terms so offered and give them the first opportunity to purchase the property at that price and upon those terms?"
 "2. An issue of fact. Whether the property was in fact ever offered to appellants even without quoting a price."
 Appellants, by their opening brief, adopt most of the court's findings except the finding of an offer by Harrisons to these plaintiffs and also excepting the conclusion that Harrisons had fulfilled their obligation under said Paragraph Fifteenth. *403
 Appellants contend that the Harrisons were required to notify appellants that they had received an offer at a price at which they wished to sell, and were required to notify appellants of the price and terms of that offer and give them the first opportunity to purchase the property at that price and upon those terms. They cite in support of that contention a wide variety of authorities. Since these authorities follow one general trend we need not discuss all of them.
 Moreno v. Blinn, 81 Cal.App.2d 852 [185 P.2d 332], largely relied upon by plaintiffs, involved a lease with "first right to purchase" clause to the lessee, in which case Blinn offered to sell to Moreno for $7,500 and later, without further notice to Moreno, sold to a third party for $4,500. Under this state of facts the court gave judgment for Moreno, which was affirmed on appeal. It is obvious that ordinary fair dealing required that Blinn, when he lowered the price by $3,000, reveal that fact to Moreno before selling to a third party.
 Nelson v. Reisner, 51 Cal.2d 161 [331 P.2d 17], involved a right of first refusal on a new lease. The trial court found on conflicting evidence that the lessee had fulfilled the lease conditions and that the owner entered into a new lease with a third party without the knowledge or consent of the defendant. The trial court also found that defendant had not waived his right to first refusal because plaintiff's purported offer of a new lease was exorbitant, unreasonable, and not made in good faith. Here again, we have the same situation as in the Moreno case. Clearly, the ordinary principle of fair play would require the lessor to make an offer on the new lower figure where he at first obtained a refusal on a much higher figure.
 Whiteside v. Petersen, 204 Misc. 1079 [128 N.Y.S.2d 17], (contract never consummated, no proof of owner's desire to sell); R. F. Robinson Co. v. Drew, 83 N.H. 459 [144 A. 67], (failure to inform lessee of reduced price after lessee's refusal to pay higher price); Tamura v. DeIuliis, 203 Ore. 619 [281 P.2d 469], (lease renewal clause effective, owner produced no proof price he quoted had been offered him]; Jurgensen v. Morris, 194 App.Div. 92 [185 N.Y.S. 386], (owner knew lessee wanted to buy, inconclusive negotiations, sale without notice of new price); DeRutte v. Muldrow, 16 Cal. 505, (knowledge by plaintiff of defendant's prior purchase rights, owner deeded to both plaintiff and defendant); Martin v. Baird, 124 Cal.App.2d 598 [269 P.2d 54], (question of *404 whether offers and counteroffers had evolved into a contract, equity disregarding form in search for true intent of parties); Straus v. North Hollywood Hospital, Inc., 150 Cal.App.2d 306 [309 P.2d 541], (arbitration of doctor's claim of exclusive pathology work), all are cases which, like the cases of Moreno v. Blinn, supra and Nelson v. Reisner, supra, involve facts clearly distinguishable from those in the case at bar, and in which the comments of the court must be read in the light of each case's special facts.
 [1] Every case that arises has slight differences from all other cases. Courts of equity particularly recognize the necessity for viewing each case on its own particular state of facts to discover which rules most aptly apply. In the case at bar, with repeated offers by the owner apprising both the original lessee and the plaintiffs herein of the owner's desire to sell, and with each of the lessees not only failing to make any concrete offer but also flatly stating they did not wish to buy, and the owner accepting such unequivocal statement of disinterest by the lessees as a waiver and executing a lease option and ultimate sale to a third party, the trial court concluded that the owner had fulfilled his duty to first offer the property to the lessee, and that it was not necessary for the owner to go back at a later time and state that a buyer had been found and the price offered. If, as was true in many of the authorities cited by plaintiffs, the owner had quoted a price to the lessee-optionee and had later sold for a lesser price, or if the lessee-optionee had offered a price and indicated continuing desire to negotiate for a price, as was true in the Jurgensen case, we could well see the necessity for a new communication and quotation of price to the lessee-optionee.
 However, we are satisfied that in the case at bar the flat unequivocal statement of the plaintiffs and their assignor that they were not interested "in buying this property," with no further communication on that score from lessees until after Harrisons had placed themselves in a position of danger by giving an option to Weitzman, constituted a sufficient waiver to excuse Harrisons from any further offer under the clause of "first opportunity to purchase."
 [2] " 'Unless but one inference can be drawn from the evidence, waiver and estoppel are questions for the jury or the trial court.' " (Krobitzsch v. Middleton, 72 Cal.App.2d 804, 815 [9] [165 P.2d 729].)
 We find this case considerably similar to that of Gosselin *405 Bros. v. Thurston, 81 N.H. 65 [121 A. 343] which was in assumpsit for breach of agreement to give plaintiff first chance to buy. The owner had twice offered to sell and had asked the plaintiffs to make an offer. The plaintiffs declined to make an offer whereupon the owner finally sold to a third party. In denying the optionee's plea for damages the court said: "In a word, after he offered the property to the plaintiffs and they declined to make him an offer, he was under no further legal obligation to them." To a similar effect is Chandler & Co. v. McDonald Weber Co., 215 Mass. 365 [102 N.E. 319]. As was stated by our own Supreme Court in Wilson v. Brown, 5 Cal.2d 425, 428 [2] [55 P.2d 485]: "Appellants claim that the lessees stated that they did not desire to buy the dwelling house, but only the premises on which the service station was located. Had this claim been satisfactorily substantiated upon the trial of the case, it would have been a complete defense to the suit by lessees for specific performance of their option."
 [3] On appellants' second proposition, that the property was never in fact offered to appellants, it is true that there was some conflict but it is also true that plaintiffs testified they knew of the lease and option to Weitzman as early as June, 1955, and made no inquiry of Harrisons about a price and made no offer to buy; that plaintiffs knew in January, 1954 that the property was for sale and that it had been offered to their assignor; that Harrisons testified they offered the property to the O'Connells several times and they said they were not interested; that William A. Godfrey testified that he told plaintiffs about their option to buy and they stated that they did not want to acquire any more property; that Jack Mangum testified he heard Harrisons make the offer to plaintiffs in February, 1954 and that in one conversation with Mrs. O'Connell she stated "she didn't think she wanted to tie herself down to that much." This and other testimony was amply sufficient to support the finding of the trial court that offers were actually made by Harrisons to these plaintiffs and that these plaintiffs stated, in effect, that they did not want to buy.
 [4] As we have said many times before, where the evidence is conflicting, the decision of the trial court on matters of fact will not be disturbed. This court cannot weigh the evidence (Buckhantz v. R. G. Hamilton & Co., 71 Cal.App.2d 777 [163 P.2d 756]; Burrows v. Burrows, 18 Cal.App.2d *406 275 [63 P.2d 1135]; Berniker v. Berniker, 30 Cal.2d 439 [182 P.2d 557].)
 The judgment is affirmed.
 Griffin, P. J., and Mussell, J., concurred.