**CHEVY CHASE SERVICES, INC., a Corporation, Appellant,**

v.

**Elizabeth E. MARCERON, Executrix and Trustee, Estate of Mabel L. Marceron, Deceased, et al., Appellees.**

**No. 16980.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 20, 1962.

Decided Jan. 24, 1963.

Mr. Cyril S. Lawrence, Washington, D. C., for appellant.

Mr. Harry L. Ryan, Jr., Washington, D. C., for appellees.

Before BAZELON, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

Chevy Chase Services, Inc., is the lessee by assignment of certain premises, and Elizabeth E. and William S. Marceron are executors and trustees of the lessor's estate. The leases provided

"that should the Lessor receive an acceptable bona fide offer to sell the premises leased herein * * * the Lessees shall have the right to purchase the said property at the same price and *upon the same terms and conditions as constitutes the said acceptable bona fide offer,* provided that the Lessees make a deposit in the amount called for by said bona fide offer and sign a contract of purchase with the Lessor within thirty (30) days after receiving written notice of the receipt by the Lessor of such acceptable bona fide offer,

settlement to be had at the time provided for in said bona fide offer." [Emphasis supplied.]

In June 1961 one Gallagher submitted a contract to the lessors offering to buy the property for $235,000 as follows: a part-payment of $125,000 in cash (which accompanied the contract offer and of which $10,000 was designated as a deposit), and a first trust for the balance of $110,000. The contract also provided

"that the said trust will be subordinated to any permanent or construction loan from a recognized lending institution."

The Marcerons accepted the contract offer subject to Services' right of first refusal.

Services purported to exercise this right by submitting a contract offer to buy the property for the same amount of $235,000. But the offer was accompanied by only $25,000 cash, and provided that the remaining $100,000 of the initial part-payment would be paid on closing from the proceeds of a loan from a recognized lending institution, *to be secured by a first trust on the property*; and that *the purchase price balance of $110,-000 would be secured by a trust subordinated to that of the lending institution*. The Marcerons advised Services that these changed terms and conditions made its contract offer different from that submitted by Gallagher; but Services declined an opportunity to conform its offer accordingly. The Marcerons thereupon sold the property to Gallagher.[1]

Services then brought this suit against the Marcerons, Gallagher, and the subsequent grantees for specific performance. Upon cross-motions for summary judgment, the District Court held that the "terms and conditions" of Services' offer were not the same as Gallagher's and granted summary judgment in favor of the defendants.

On this appeal Services urges, in effect, that the seller cannot insist upon a first trust at closing since he has agreed to subordinate after closing. We do not agree. The seller's right to the security of a first trust upon completion of the sale is not vitiated by the buyer's right to subordinate that trust after completion of the sale. The right to a senior lien at closing still retains sufficient substance to preclude the view that it may be satisfied by a junior lien.

Affirmed.

---

1. Subsequently, Gallagher, through intervening conveyances, passed title to appellee Satelite, Inc. These subsequent grantees had notice of appellant's option rights.