[No. 972-3.   Division Three.   April 11, 1975.]

ROY G. DALTON et al, *Appellants*, v. JOSEPH BALUM et al, *Respondents*.

*Patrick K. Shine*, for appellants.

*Patrick H. Murphy* and *Paul A. Clausen* (of *Clausen & Gemmill*) and *William F. Nielsen* (of *Hamblen, Gilbert & Brooke, P.S.*), for respondents.

MCINTURFF, C.J.—Plaintiff appeals from a dismissal of his action for specific performance of a right of first refusal.

ISSUE: Can a lessor extinguish a lessee's right of first refusal without having first obtained and presented to

the lessee a bona fide offer from a third party based on the following language: "Lessors hereby grant lessee 1st right of refusal in event lessors sell premises. 30 day notice."

The defendant, Joseph Balum, leased a 160-acre farm to the plaintiff, Roy G. Dalton, and included in the lease the language stated in the above issue. Defendant, having decided to sell the property, asked plaintiff if he wanted to buy it. Plaintiff asked how much he wanted for the property and defendant replied, "$500 an acre." According to defendant's testimony plaintiff replied that he didn't want the property; that it was not worth $500 an acre; that he should sell it to someone else if he could because he had more property than he could handle at that time; and because help was hard to get. Plaintiff was unable to remember the offer by Balum, but two witnesses who were neighbors, supported the substance of defendant's testimony on this point.

More than 30 days after discussing the sale with the plaintiff, defendant sold the property in October 1972 to Brannan for $500 per acre. Thereafter, plaintiff brought this action for specific performance of his right of first refusal.

The trial court dismissed this action. Plaintiff contends that under the provisions of this lease there must be an acceptable bona fide offer from a third party with definite terms before the right of first refusal can be extinguished. Defendant argues that he is required only to have offered the property to his lessee at a price the same as, or not more than, the price at which the property was subsequently sold to a third party. Defendant claims that, after plaintiff had unequivocally told him that he did not want the property at $500 an acre, he had fulfilled his obligation to him under the lease and was entitled to sell the property to Brannan at $500 or more per acre.

■ The rule in Washington is that the owner of a right of first refusal is entitled to the opportunity to buy the subject property on the same terms contained in a bona fide

offer from a third party acceptable to the owner. *Bennett Veneer Factors, Inc. v. Brewer*, 73 Wn.2d 849, 856, 441 P.2d 128 (1968); *see Superior Portland Cement, Inc. v. Pacific Coast Cement Co.*, 33 Wn.2d 169, 199, 205 P.2d 597 (1949).[1] The above rule reflects the usual situation in which a third party has made an offer to the owner to sell the property. Under a right of first refusal the owner has the contractual obligation to offer the property to the optionee of that right on the same terms and conditions on which the offer was made to him by the third party.

However, the plaintiff argues that there must be an offer from a third party *prior* to the time the owner may offer the property to a holder of the right of first refusal. We disagree. If plaintiff desired the right to purchase on the same terms and conditions as set forth in a bona fide offer

[1]This rule has been applied in several jurisdictions where property was offered to the lessee-optionee at a higher price than subsequently offered to a third party, *e.g.*, *Barling v. Horn*, 296 S.W.2d 94 (Mo. 1956); *Cortese v. Connors*, 1 N.Y.2d 265, 152 N.Y.S.2d 265 (1956); *Robinson Co. v. Drew*, 83 N.H. 459, 144 A. 67 (1928); *Bennett Veneer Factors, Inc. v. Brewer*, 73 Wn.2d 849, 856, 441 P.2d 128 (1968); *Superior Portland Cement, Inc. v. Pacific Coast Cement Co.*, 33 Wn.2d 169, 199, 205 P.2d 597 (1949). The rule has also been applied where the property was sold to a third party without the lessee's knowledge, *King v. Dalton Motors, Inc.*, 260 Minn. 124, 109 N.W.2d 51 (1961), or where an exorbitant offer was made to the holder of the right. *Nelson v. Reisner*, 51 Cal. 2d 161, 331 P.2d 17 (1958); *Tamura v. DeIuliis*, 203 Ore. 619, 281 P.2d 469 (1955).

In *Superior Portland Cement, Inc. v. Pacific Coast Cement Co.*, *supra* at 173-74, a right of first refusal dissimilar in terms to that of the instant case was used:

[Pacific] will give to Superior . . . the first right and privilege of purchasing the same at the price it is willing or at any time or times offers to sell to others and upon the same terms and conditions. Superior shall have thirty days from date of receipt from Pacific of written offer to sell in which to accept the same . . ."

The court held that, if the defendant decided to sell during the term of the lease, the plaintiff was entitled to the first right to purchase the property at the price for which defendant was "willing or at any time or times offers to sell." The language "at any time or times offers to sell" necessarily contemplated an offer from a third party which, according to the contract terms, required that it be communicated to the optionee each time that an offer was made.

by a prospective purchaser, words to that effect should have been used. The use of the term "first right of refusal" does not carry with it a widely accepted legal interpretation requiring submission of a bona fide offer from a third person which must first be submitted to the lessee and upon which he has 30 days to accept or reject. The term has become a shorthand definition of various contract rights which are more particularly enunciated in the body of the agreement.

Facts similar to the instant case are found in *O'Connell v. Weitzman*, 168 Cal. App. 2d 400, 336 P.2d 592 (1959), where the owner first made repeated offers to the lessee holding the "first opportunity to purchase," of his desire to sell, and the lessees not only failed to make any concrete offer but also flatly stated they did not wish to buy. The owner accepted the unequivocal statement of disinterest by the lessees as a waiver of the first right of refusal and sold to a third party. The court held that the statement of the lessees that they were "not interested in buying this property," with no further communications from the lessees until after the owners had placed themselves in a position of danger by giving an option to a third party, constituted a sufficient waiver to excuse the owners from making any further offer.

If, as was true in many of the authorities cited by the plaintiff, the defendant had quoted a price to the plaintiff-lessee, and had later sold for a lesser price, or if the plaintiff-lessee had offered a price and indicated a continuing desire to negotiate for a price, we could see the necessity for a new communication and quotation of price to the plaintiff-lessee. However, we are satisfied that the plaintiff refused to buy the property in the late spring or early summer of 1972, and showed no further interest in purchasing the property at the quoted price of $500 per acre until he learned that it had been sold to Brannan in October 1972. We hold that defendant fulfilled his obligation to the

plaintiff by giving him a first right of refusal at the price for which the property was subsequently sold.

Judgment of the trial court is affirmed.

MUNSON, J., concurs.

GREEN, J. (dissenting)—The majority opinion undermines the right of first refusal by casting doubt on the well understood meaning of the term.

> The phrase "first refusal right" and terms of similar import have a well understood meaning in the business world which is that the owner of such a contract right is entitled to the opportunity to buy the subject property on the same terms contained in a *bona fide offer from a third party acceptable to the owner* . . .

(Citations omitted. Italics ours.) *Bennett Veneer Factors, Inc. v. Brewer*, 73 Wn.2d 849, 856, 441 P.2d 128 (1968).

Under the majority decision, a tenant is required to accept or reject at his peril an offer from a lessor-owner at a time when a sale of the owner's property is not imminent, *i.e.*, it places the onus upon the tenant to determine if the owner has in fact decided to sell the property. This is not the type of protection bargained for by the tenant. The protection sought by a tenant is the right to protect his tenancy by purchasing the property upon the same terms and conditions contained in a bona fide offer from a third party, *i.e.*, at a time when a continuation of his lease is threatened by a pending sale.

This conclusion is buttressed by the language contained in the first refusal clause of the instant lease:

> Lessors hereby grant lessee 1st right of refusal in event lessors *sell* premises. 30 day notice.

(Italics ours.) The use of the word "sells" contemplates a sale to a third party, and not merely an offer to the tenant at the owner's asking price when there is no actual sale pending.

Petition for rehearing denied June 10, 1975.

Review denied by Supreme Court September 5, 1975.