[No. 7542-0-I. Division One. May 5, 1980.]

NORTHWEST TELEVISION CLUB, INC., *Appellant,* v. GROSS SEATTLE, INC., ET AL, *Respondents.*

*Orly J. Sorrel* and *Nicolai, Sorrel & Binns,* for appellant.

*R. Michael Stocking* and *Wettrick, Toulouse, Lirhus & Hove,* for respondents.

DURHAM–DIVELBISS, J.—The corporate lessee under a residential lease appeals from the trial court's refusal to grant the lessee specific performance of its right of first refusal to purchase the leased property.

We are called upon to determine one issue: whether 6 years ago the plaintiff lessee effectively exercised its right of first refusal under the lease.

The lessee, Northwest Television Club, Inc., entered into a term lease with the lessor, Gross Seattle Properties, Inc.,

the predecessor to defendant Gross Seattle, Inc., on March 17, 1970. The leased property is an old mansion commonly known as the "Pink Palace" located on 10th Avenue East in Seattle's Capitol Hill area. The lessee's right of first refusal is contained in paragraph 29 of the lease agreement, which provides as follows:

RIGHT OF FIRST REFUSAL TO PURCHASE

29. In the event Lessor during the term hereof receives a bonafide offer to purchase the property hereunder leased, which offer is acceptable to Lessor, Lessor agrees to notify Lessee in writing of such offer and to allow Lessee for three (3)[1] days after receipt of such notice the exclusive right to purchase the said property in accordance with the terms of the said offer. In the event Lessee does not notify the Lessor in writing within 3 days after the receipt of such notice of his intent to exercise the right to purchase said property, then said exclusive right to purchase is to become null and void. It is understood, however, that the failure of Lessee to exercise such option shall in no way affect Lessee's rights under this lease, this lease remaining in full force and effect and any sale of the property hereby leased being subject to the rights of Lessee hereunder. This exclusive right to purchase as provided hereinabove is only good in event the Lessee has not defaulted on his rent.

On April 2, 1974, the lessor served lessee written notice that it had received a bona fide offer, acceptable to the lessor, to purchase the leased property. The lessor's written notice to the lessee provided, in pertinent part:

YOU ARE FURTHER GIVEN NOTICE that under said lease it provides:

"After receipt by you of written notice of such acceptable bona fide offer, you have the exclusive right to purchase the said property in accordance with the terms of the attached offer and to notify Gross Seattle, Inc. in writing, within five (5) days after receipt of this Notice, of your intent to exercise the right to purchase said property."

---

[1]Although the lease provides for a 3–day right of refusal period, the parties agreed at trial that the actual agreed–upon right of refusal period was 5 days.

Attached to the lessor's written notice was a copy of the offer to purchase the leased property, in the form of an earnest money receipt and agreement (Dorland offer), that provided in part:

Received from David K. Dorland and Carolyn Dorland, his wife . . . ($3,000.00) in the form of . . . Note for $3,000.00, due on acceptance of seller . . .

TOTAL PURCHASE PRICE is . . . ($90,000), payable as follows:

Seller agrees to accept $90,000.00 cash including the receipted for Earnest Money payable on date of closing.

This offer is subject to the sale of Purchasers home at 4602 E. Mercer Way, Mercer Island, within 90 days of acceptance of this offer. If Purchaser is unable to sell their house at 4602 E. Mercer Way, Mercer Island, within said 90 days of acceptance of this offer all rights and obligations of Purchasers are terminated & Earnest Money returned forthwith.

The Dorland offer was expressly made subject to the lessee's right of first refusal to purchase, as well as another lease provision not material here.

On April 4, 1974, the lessee delivered to the lessor its own proposed earnest money receipt and agreement for purchasing the leased property and a $3,000 note contingent upon the lessor's acceptance of lessee's offer to purchase. The lessee's earnest money receipt and agreement provided, in pertinent part:

Received from Northwest Television Club, Inc, . . . ($3,000.00) in the form of a note (payable in escrow on acceptance of deal) . . .

Total purchase price is . . . ($90,000.00), payable as follows:

This offer is subject to the sale of of [sic] home at 438 25th Ave East, Seattle, Washington owned by principal stockholder of Corporation making this Agreement, within 90 days from date of acceptance of this offer.

Otherwise, terms shall be $90,000 cash, including Earnest Money, payable on date of closing.

Shortly thereafter, the lessee mailed a letter dated April 5, 1974 to the lessor that provided, in pertinent part:

We, The Northwest T. V. Club, Inc., License # D 17029974, wish to notify you of our intent to exercise our first right of refusal which is incorporated in our lease on the property commonly known as 1254 10th Ave. East, and 1253 Federal Ave. East.

Legal description as follows: . . .

We are offering $90,000.00 cash, subject to the sale within 90 days of a residential property on 25th Avenue in Seattle.

The lessor declined the earnest money tendered by the lessee and refused to enter into the lessee's proposed earnest money agreement.

The lease expired June 30, 1975. In July 1975, the lessee filed this action for specific performance under the lease agreement and for damages. The trial court dismissed lessee's claim for specific performance of its right of first refusal as a matter of law, holding that the lessee had not offered to purchase the property on the same terms as those contained in the Dorland offer. The trial court quieted title in the lessor, and granted the lessor judgment for $35,739.34 plus interest, which was the reasonable rental value of the premises from July 1975 through February 1979, and judgment for $4,000 in attorneys' fees and costs.

The lease agreement provides that the lessee shall have the right of first refusal to purchase the leased property "in accordance with the terms of" a third party's offer. The sole issue we must decide is whether the lessee corporation's offer to purchase, which was conditioned upon the sale of the residence of an unspecified principal shareholder of the lessee corporation, was "in accordance with the terms of" the third party's offer to purchase, which was conditioned upon the sale of the third party's residence. In making this determination, we will consider the lessee's proposed earnest money agreement and the lessee's April 5 letter together.

A right of first refusal to purchase leased property is distinguishable from an option in that a first refusal right has no binding effect unless the offeror decides to sell. 11 S.

Williston, *Contracts* § 1441A, at 949–50 (3d ed. 1968). A right of first refusal to purchase is a valuable prerogative, limiting the owner's right to freely dispose of his property by compelling him to offer it first to the party who has the first right to buy. 11 S. Williston, *supra* at 949–50; *see also Bennett Veneer Factors, Inc. v. Brewer,* 73 Wn.2d 849, 441 P.2d 128 (1968). The purpose of a right of first refusal to purchase leased property is to protect the lessee's interest in its continued possession of the premises, and to encourage the lessee to make improvements it might otherwise not make. *Meyer v. Warner,* 104 Ariz. 44, 448 P.2d 394 (1968).

Although several Washington cases have dealt with a lessee's attempted exercise of its right of first refusal, none has dealt with the issue presented here. *See, e.g., Dalton v. Balum,* 13 Wn. App. 160, 534 P.2d 56, 76 A.L.R.3d 1134, *review denied,* 85 Wn.2d 1014 (1975); *Chittick v. Boyle,* 3 Wn. App. 678, 479 P.2d 142 (1970); *Superior Portland Cement, Inc. v. Pacific Coast Cement Co.,* 33 Wn.2d 169, 205 P.2d 597 (1949). The general rule, however, is that the property owner has a contractual obligation to offer the property to the holder of a right of first refusal on the same terms and conditions on which the third–party offer was made to the owner. *Dalton v. Balum, supra.*

General contract principles concerning offer and acceptance apply to the exercise of first refusal rights. *See* 51C C.J.S. *Landlord & Tenant* § 88(9) (1968). An acceptance of an offer must always be identical with the terms of the offer, or there is no meeting of the minds and no contract. *Roslyn v. Paul E. Hughes Constr. Co.,* 19 Wn. App. 59, 573 P.2d 385, *review denied,* 90 Wn.2d 1012 (1978); *Blue Mountain Constr. Co. v. Grant County School Dist. 150–204,* 49 Wn.2d 685, 306 P.2d 209 (1957). A purported acceptance that changes the terms of an offer in any material respect may operate as a counteroffer, but it is not an acceptance and does not consummate the contract. *Roslyn v. Paul E. Hughes Constr. Co., supra; Blue Mountain Constr. Co. v. Grant County School Dist. 150–204, supra.*

Any material variance between offer and acceptance precludes the formation of a contract. *Northwest Properties Agency, Inc. v. McGhee,* 1 Wn. App. 305, 462 P.2d 249 (1969). If the intended acceptance adds a condition that can be implied in the original offer, then the condition is not a material variance rendering the acceptance ineffective. *Roslyn v. Paul E. Hughes Constr. Co., supra; Johnson v. Star Iron & Steel Co.,* 9 Wn. App. 202, 511 P.2d 1370 (1973); *Northwest Properties Agency, Inc. v. McGhee, supra.*

 In the present case, the lessee was presented with notice of a third–party offer that was conditioned upon the sale of the offeror's house. The lessee accepted by making an offer that was conditioned upon the sale of its undisclosed principal shareholder's residence. We think there is no question but that the lessee's right of first refusal came into effect upon notice to the lessee of the third–party offer, even though it was subject to the condition precedent of the sale of the third party's residence. It was up to the lessor to decide if a third party's conditional offer was acceptable, and, if so, then to give notice to lessee, which is precisely what the lessor did. If we were to hold that the lessor's notice did not bring the lessee's right of first refusal into effect, then the lessor's notice to lessee would have been meaningless. The lease did not exclude the possibility that a third–party offer might be conditional. In construing the language of a right of first refusal to purchase clause, the intention of the parties when the lease was entered into is of primary importance. *Superior Portland Cement, Inc. v. Pacific Coast Cement Co., supra.*

Because the Dorland offer was conditional, the lessee did not have to make an unconditional acceptance, as the trial court stated. So long as the condition imposed by the lessee in its purported acceptance did not vary materially from the condition imposed by the third party in its offer, then the lessee's acceptance was effective and a contract

resulted. We then turn to the issue of whether the condition imposed by the lessee varied materially from the condition imposed by the Dorlands.

We do not interpret the rule requiring an acceptance to be identical to an offer, as stated in *Roslyn v. Paul E. Hughes Constr. Co., supra,* and *Blue Mountain Constr. Co. v. Grant County School Dist. 150–204, supra,* to mean that the lessee had to condition its acceptance upon the sale of the Dorland residence. Such a requirement in this case would be unrealistic, if not impossible, to impose. *Cf. Capitol Land Co. v. Zorn,* 134 Ind. App. 431, 184 N.E.2d 152 (1962), (lessee's exercise of first refusal right held effective even though lessee's acceptance did not contain a term the third–party offer contained).

On the other hand, any condition imposed by the lessee was required to be sufficiently identical to the condition imposed by the Dorlands for the lessee to effectively exercise its right of first refusal. A condition that arguably leaves the lessor "as well off" as it would be with the Dorland offer but which varies materially from the Dorland condition would render the lessee's purported acceptance a counteroffer. *See Coastal Bay Golf Club, Inc. v. Holbein,* 231 So. 2d 854 (Fla. Dist. Ct. App. 1970); *Chevy Chase Servs., Inc. v. Marceron,* 314 F.2d 275 (D.C. Cir. 1963).

Had the lessee's acceptance been conditioned upon the sale of property owned by the lessee corporation itself, then there would be no question but that the Dorland offer and the lessee's acceptance did not vary materially from one another. The record shows that the principal shareholder of the lessee corporation was Mrs. Beryl Bedker. The parties have stipulated that at the time lessee attempted to exercise its right of first refusal, Mrs. Bedker (then Mrs. Kahler) was the alter ego of the lessee corporation. Despite the fact that Mrs. Bedker herself was not a contracting party, her status as the contracting party's alter ego made her interest sufficiently identical to the lessee's interest, so as to make the two conditions at issue sufficiently identical. The lessee's purported acceptance, which was conditioned

upon an event within the lessee's control, was "in accordance with the terms of" the Dorland offer and thus constituted an acceptance rather than a counteroffer.

We reverse the trial court's dismissal of plaintiff's claim for specific performance, and hold that the lessee effectively exercised its right of first refusal to purchase the leased property. We thus must also reverse the trial court's award of attorneys' fees to the lessor.

We affirm the trial court's judgment in favor of the lessor for the reasonable rental value of the leased premises since the expiration of the lease, and remand for determination of any additional amounts to which the lessor has become entitled since the date of judgment. Under the terms of the lessee's own proposed earnest money agreement, the lessee was not entitled to legal possession of the property until closing. Our decision concerning the lessee's exercise of its right of first refusal to purchase does not affect the lessor's right to be compensated for lessee's occupation of the premises during a period when the lessee had no right to possession.

Because the trial court did not rule upon any of the lessor's 12 affirmative defenses, we remand for further proceedings consistent with this opinion.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied June 24, 1980.

Review granted by Supreme Court September 19, 1980.