[No. 8041–1–I.   Division One.   May 18, 1981.]

OAK HILL TERRACE ASSOCIATES, *Respondent,* v. LIONEL GORDON JAHNKE, ET AL, *Appellants.*

*William Robinson* and *Kimberly Osenbaugh,* for appellants.

*MacDonald, Hoague & Bayless* and *Frederick L. Noland,* for respondent.

WILLIAMS, J.—Gordon, Virgil and Phyllis Jahnke appeal from a decree of specific performance requiring them to convey certain real property to Oak Hill Terrace Associates, and from the dismissal of their counterclaim for slander of title. We affirm.

During April 1978, the Jahnkes were attempting to sell their multimillion dollar apartment complex in King County. On the 10th of that month, Oak Hill made an offer which was rejected and on the 14th made another offer in the form of a signed earnest money agreement. The proposed agreement was given to Gordon Jahnke, an attorney and professor of law in British Columbia, who modified one paragraph in the earnest money addendum concerning a contingency for the time Oak Hill could inspect the property and approve the inspection report. He also inserted this paragraph:

> This offer by purchaser is accepted subject to another offer previously accepted by the seller becoming void on or before April 21, 1978. Above stated contingency period to begin upon date of receipt by agent of written notice

by seller that previous offer is void.

The trial court found on substantial evidence that when the earnest money agreement was submitted to Gordon Jahnke, it had been understood by all of the parties that a period of 21 working days was the maximum period allowed Oak Hill to inspect the property and approve the inspection report. Two paragraphs of the earnest money addendum had been changed and initialed by Oak Hill showing the 21 working days before the document was given to Gordon Jahnke. Oak Hill overlooked the paragraph concerning the deadline for acceptance of the inspection report and Gordon Jahnke corrected that paragraph to conform with the 21 working day period established for all the other contingencies. The court found that the change was a "minor correction" and not a material change or counteroffer.

The court further found that the paragraph quoted above putting Oak Hill in "second position" was a written statement of a condition Oak Hill knew about, understood, and agreed to, before Gordon wrote it in and signed the agreement, and was not a material change making the signed document a counteroffer.

The Jahnkes contend that these findings are incorrect, that Gordon's alteration of the agreement constituted it a counteroffer. The rule is that "immaterial or minor differences or variances between the offer and acceptance will not prevent the formation of a contract." 17 Am. Jur. 2d *Contracts* § 65 (1964).

The 21 working day period was agreed to before Gordon Jahnke signed the contract. In changing the deadline for acceptance of the inspection report, Gordon Jahnke made the term more precise and clear, and consistent with the period for the other contingencies. That did not disturb the intent of the parties and changed nothing material in the earnest money agreement.

Similarly, the paragraph placing Oak Hill in "second position" was not a material change to the agreement because the parties understood that the Jahnkes had con-

ditionally accepted another offer. *See Northwest Television Club, Inc. v. Gross Seattle, Inc.,* 26 Wn. App. 111, 118–19, 612 P.2d 422, *review granted,* 94 Wn.2d 1011 (1980); *Northwest Properties Agency, Inc. v. McGhee,* 1 Wn. App. 305, 310–13, 462 P.2d 249 (1969); RCW 62A.2-207(2)(b).

We note, as did the court in its findings, that there was a meeting of the minds as to the essential terms of the sale on April 14 when Gordon signed the contract because, subsequent to that, all parties conformed to it. On April 20 Gordon Jahnke flew to Boeing Field in Seattle to deliver written notice to Oak Hill that it was in first position, signaling the commencement of the 21 working day period. The notice Gordon delivered at that time stated that Oak Hill had until May 19 to satisfy the contingencies set forth in the earnest money addendum. May 19 was precisely 21 working days from April 20, conforming to the time sequence agreed to by the parties on April 14.

The other issues raised by the Jahnkes concern the authority of Gordon Jahnke to act for Virgil and his wife and the slander of title question. The court's findings as to those issues are amply supported by the evidence and will not be disturbed.

The judgment is affirmed.

RINGOLD, A.C.J., and CALLOW, J., concur.

Reconsideration denied June 15, 1981.

Review denied by Supreme Court September 25, 1981.