[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER RIGHT OF FIRST REFUSAL IS INCOMPLIANCE WITH STATUTE OF FRAUDS AND WHETHER SPECIFICPERFORMANCE AND DAMAGES SHOULD BE AWARDED
Plaintiff George Briggs claims in his Complaint, as amended, that he had a first right of refusal to purchase the ownership interests of his siblings — Albert Briggs, Elizabeth Briggs, and Nancy (Briggs) DeBolt — in premises known as 403 Greenwich Avenue in Greenwich, Connecticut, and because they sold their ownership interests in this property to defendant Rocco Sylvestri in dishonor of his right of first refusal, he is entitled to an order rescinding the sale, as well as an order of specific performance to command Rocco Sylvestri to transfer the property to him. Furthermore, plaintiff George Briggs characterizes his siblings' sale of the property as constituting an unfair trade practice and seeks compensatory damage therefor. In addition, the plaintiff seeks punitive damages and attorney's fees under the Connecticut Unfair Trade Practices Act.
Defendants Rocco Sylvestri, Alfred Briggs, and Elizabeth (Briggs) DeBolt have denied the material allegations of plaintiff George Briggs' complaint. Defendant Nancy Briggs has suffered a default for her failure to plead.
In his Answer defendant Rocco Sylvestri inserts Special Defenses; he alleges that all of plaintiff's claims are barred by the Statute of Frauds, as well as by the doctrine of equitable estoppel, and that the plaintiffs by his actions has waived all claims against him. In a two-count counterclaim defendant Rocco Sylvestri asserts his right to the occupancy of 403 Greenwich Avenue under a prior lease, as well as his right to occupancy under CT Page 729 his ownership of three quarters of the premises as acquired through the purchase of plaintiffs' siblings' ____________________________ shares. Rocco Sylvestri seeks relief in the form of a judgment of possession, as well as a judgment declaring the rights of the parties to the land and settling the title thereto, pursuant to Connecticut General Statutes Section 47-31.
In her Answer Elizabeth Briggs denies the material allegations of plaintiff George Briggs' complaint, as amended, and avers,inter alia, as Special Defenses that his claims are barred by the doctrine of equitable estoppel and that he has waived any claims that he may have had.
Plaintiff George Briggs has denied the material allegations of the Special Defenses and Counterclaims asserted against him. The following background information forms the context in which this litigation is waged.
Plaintiff George P. Briggs is one of five-issues of his late father, Alfred C. Briggs, Sr. who passed away on June 3, 1982. Prior to his death Alfred C. Briggs, Sr. was the owner and lessor, and his son George P. Briggs the sole lessee of a building situated at 403 Greenwich Avenue in Greenwich, Connecticut. The plaintiff claims that his father gave him a first option to purchase the property, and that this option to purchase is contained in the following language of their lease, dated April 1, 1971:
 Witnesseth: that the Landlord has leased, and does hereby lease to the said Tenant, the following described premises: One, three story building, and all that land at 403 Greenwich Avenue, Greenwich, Connecticut . . . .
 And George P. Briggs be given first option to purchase said property if for sale in the future. (Emphasis added.)
This lease, providing for a monthly rental of $650.00 covered the term of April 1, 1971 through April 1, 1991. In March of 1991 Alfred Briggs, as landlord, and George Briggs, as tenant, signed a new lease agreement which by its terms reaffirmed, ratified, renewed and extended the terms of the original lease by 20 years; namely, from April 1, 1991 to April 1, 2011.
Although monthly rental payments remained at $650.00, the new CT Page 730 lease agreement requires George Briggs to pay all taxes. One of the terms renewed under the new lease agreement is the original provision giving to George Briggs the ". . . first option to purchase said property if for sale in the future."
After the settlement of Alfred C. Briggs, Sr.'s estate in Probate Court, an undivided one-quarter title interest in premises known as 403 Greenwich Avenue in Greenwich, Connecticut, vested in four of his five children: Alfred C. Briggs, Jr., Douglas Briggs Nancy (Briggs) DeBolt and Roger T. Briggs. Later — after the death of Roger T. Briggs — his wife, Elizabeth Briggs, succeeded to the ownership of his one-quarter interest. Also pursuant to the settlement George P. Briggs' rights as a tenant under the lease for 403 Greenwich Avenue continued.[1] George P. Briggs sublet a portion of the premise for use as a restaurant owned and/or operated by Rocco Sylvestri.
By letter, dated December 10, 1993, Alfred C. Briggs, Jr. informed his brother, George, that he and Elizabeth Briggs had received an offer from Rocco Sylvestri to purchase their two one-quarter interests in the property for a price of $200,000, payable by way of $30,000 in cash and a note and first purchase money mortgage in the amount of $170,000 amortized in six years at the rate of 5% per annum. This letter stated further that the closing date for the transaction was scheduled for December 30, 1993, and that
 . . . thus we ask that you respond immediately whether you intend to exercise your rights under the lease, and purchase our one-half interest for the aforementioned purchase price.
 If we do not hear from you within fifteen (15) days, we shall assume that you have waived any rights you may have under the lease to purchase our interest, and that you do not intend to exercise said rights under the lease. (Emphasis added.)
George Briggs responded to his brother's letter with his own, dated December 18, 1993. In his letter George Briggs requested Alfred Briggs to provide a copy of Rocco Sylvestri's written offer, as well as a copy of the latter's binder check as proof of the bonafides of the offer. In this letter George Briggs stated,inter alia," I should think a sixty-day notice would be legallyCT Page 731appropriate in view of the serious circumstances." (Emphasis added.)
By letter, dated January 27, 1994, Alfred Briggs responded to his brother George by stating
 we have no difficulty with a sixty (60) day notice provision if that is what you prefer. Hence, please accept this letter as confirmation of the sixty (60) day notice you requested. The sixty (60) days is effective the date you received my registered letter concerning Rocco Sylvestri's offer on December 14, 1993. Although our initial letter of notice to you was dated December 10, 1993, we shall consider the sixty (60) day period to run from December 14, 1993, and thus expiring on Monday, February 14, 1994.
(Emphasis added.)
This letter of January 27, 1994, also informed George Briggs that the acceptable terms of Rocco Sylvestri's offer had been changed, and informed him of the new terms to which he, Elizabeth Briggs and Rocco Sylvestri had agreed.[2]
Plaintiff George Briggs did not exercise his right of first refusal by February 14, 1994.
In his letter of March 7, 1994 attorney Christopher Fountain notified Alfred C. Briggs that his client, George Briggs was still interested in exercising his right to first refuse the purchase of 403 Greenwich Avenue. In this letter attorney Christopher Fountain requested a copy of Rocco Sylvestri's offer of purchase.
In a follow-up letter dated March 17, 1994, attorney Christopher Fountain informed attorney Michael Lawrence, counsel for Alfred Briggs, that George Briggs regards his right of first refusal as still viable. By letter, dated March 21, 1994, attorney Michael Sweeney, writing for Alfred Briggs, informed attorney Christopher Fountain that George Briggs had an "option to purchase" — not a right of first refusal as to the property at 403 Greenwich Avenue, and that the additional time provided to him to purchase the property expired on the extended date of February 14,1994. The March 21, 1994, letter gave written notice of the rejection of George Briggs' attempt to purchase the property. This letter also stated, inter alia, that "Your client has knowinglyCT Page 732delivered untimely notice with the knowledge that same wouldjeopardize the pending transaction. . . ." (Emphasis added.)
On March 4, 1994, Alfred Briggs, Jr. and Nancy Briggs DeBolt signed a separate warranty deed in which each transferred his/her one-quarter interest in the property at 403 Greenwich Avenue to Rocco Sylvestri. On May 3, 1994, Elizabeth Briggs signed her deed and transferred her one-quarter interest in the subject property to Rocco Sylvestri. On May 6, 1994, each deed was recorded in the land records of the Town of Greenwich. By letter, dated May 6, 1994 George Briggs was informed that Rocco Sylvestri had purchased a three-fourths interest in the premises at 403 Greenwich Avenue. On July 15, 1994 the plaintiff filed this action in this Court.
I. LEGAL DISCUSSION AND ANALYSIS
As stated earlier, the lease between George Briggs and his late father contained the following pertinent phrase: "And George P. Briggs be given first option to purchase said property if for sale in the future." The vitality of this phrase was maintained in the parties' subsequent lease which was renewed for the term of April 1, 1991 to April 1, 2011. The clear meaning of the words of this phrase (i.e. first option to purchase) is that the landlord intended that George Briggs shall have the first right to refuse to buy the property if the landlord wishes to sell it.
Under the terms of the settlement of their father's estate in Probate Court, George Briggs' rights as a tenant at 403 Greenwich Avenue, including his right of first refusal, was confirmed. Furthermore, pursuant to this settlement Roger Briggs, Alfred Briggs, Nancy (Briggs) DeBolt and Douglas Briggs became the owners of 403 Greenwich Avenue. Roger Briggs passed away seven years ago and his one-quarter interest passed to his wife, Elizabeth. Thus, Alfred Briggs, Douglas Briggs, Nancy Briggs DeBolt and Elizabeth Briggs became the plaintiff's new landlord, as that term is used in the lease.
 A. Plaintiff's claim for Specific Performance as to Alfred and Elizabeth Briggs and Rocco Sylvestri
As stated earlier, defendant Rocco Sylvestri asserts that the plaintiff's claim to exercise his right of first refusal is barred by the statute of frauds, by waiver and by the doctrine of equitable estoppel. The Court shall examine these assertions in CT Page 733 turn.
 1. Statute of Frauds and the Right of First Refusal
Our Supreme Court has addressed the application of the statute of frauds to the right of first refusal.
 A right of first refusal is known more technically as a preemptive option, as a right of preemption or simply as a preemption. `A right of preemption is a right to buy ahead of others. . . .
 Hare v. McClelland, 234 Conn. 581, 589 (1995)
Once the owner of property notifies the holder of a preemption that an offer to purchase has been received from an outside party, the right of first refusal ripens into an option to purchase.Smith v. Hero Realty Corporation, 199 Conn. 330, 336 (1986).
 The statute of frauds applies, or course, to contracts concerning real property and a fortiori to options to purchase real property. (Citations omitted) The statute requires such contracts, in the absence of extenuating circumstances such as part performance or reliance, to be memorialized by an adequate memorandum. (Citations omitted.) Because the primary purpose of the statute is to provide reliable evidence of the existence and the terms of the contract, the requirements of the statute can be met either by a single document or, as in this case, by a series of related writings which, taken together, describe the essential terms and conditions of the contract.
 Heyman v. CBS, 178 Conn. 215, 220-221 (1979)
This court finds that the letters exchanged between the plaintiff and Albert and Elizabeth Briggs DeBolt from December 10, 1993 through the letter dated January 27, 1994, clearly expressed in documentary form an acknowledgment by them of plaintiff's right of first refusal and its conversion into an option. This court finds that these letters satisfy any writing requirement of the statute of frauds. Heyman, supra.
2. Waiver CT Page 734
Waiver is a voluntary relinquishment of a known right. It is intentional and it ". . may consist of acts or conduct from which a waiver may be implied." Novella v. Hartford Accident IndemnityCo., 163 Conn. 552, 562, citing Been v. Aetna Casualty SuretyCo., 153 Conn. 633, 645. In this case, the plaintiff was required to match the terms of the proposed sale set out in Alfred Briggs' letter, dated January 27, 1994, by the date set out therein; namely, February 14, 1994. This date accommodates the 60 day acceptance period noticed by Alfred Briggs as having commenced on December 14, 1993 — the date upon which the plaintiff received the initial notice of Rocco Sylvestri's offer.
According to cases set out in Corbin, "[at the time he makes the offer, the offeror has full control of . . . the length of time during which the power of acceptance shall last. When he makes the offer he may specify in it the time within which acceptance must occur; if he does so, the power of acceptance is limited accordingly." Corbin on Contracts, Sec. 35, p. 141. Clearly, "[one having a right of first call must offer to the seller the same terms as those extended by the prospective purchaser. Thompson on Real Property, p. 554; Chevy Chase Services v.Marceron, 314 F.2d 275. Furthermore, there is sufficient authority for the proposition that" [a] right of first refusal is satisfied if the lessor offers to sell at the price for which the property was subsequently sold without the lessor first giving the lessee the right to review a bonafide offer from the third party. Thompson on Real Property, and cases cited therein at page 568.
This court finds that the credible evidence in this case supports a finding that the plaintiff defaulted in exercising his right of first refusal by not at least matching Rocco Sylvestri's offer by February 14, 1994. To this extent the plaintiff waived his option to purchase the interests of Alfred and Elizabeth Briggs.
3. Equitable Estoppel
Inasmuch as defendants Elizabeth Briggs, and Rocco Sylvestri have not proved that the plaintiff engaged in any misleading conduct which resulted in prejudice to them, their claim of equitable estoppel has not been established. John F. Epina Realty,Inc. v. Space Realty, Inc., 194 Conn. 71, 85 (1984).[3]
B. Plaintiff's claim for Specific Performance CT Page 735 as to Nancy DeBolt and Rocco Sylvestri
Since there is no credible evidence in this case that defendant Nancy DeBolt offered to sell her one-quarter interest in 403 Greenwich Avenue to the plaintiff prior to selling it to defendant Rocco Sylvestri, the court finds that she failed to honor her contractual obligation to him. Clearly, the Court may award specific performance where, as here, the lease containing the right of first refusal was recorded, and the subsequent purchaser was aware of that right, constructively and actually, when he bought the property. The deed lists plaintiff's right of first refusal as a claim subject to which defendant DeBolt's interest was devised. As the subsequent purchaser with such knowledge, defendant Rocco Sylvestri took the property subject to the plaintiff's right of first refusal. Old Quarry Assn. v. Hickey,659 F. Sup. 1064, 1072-73 (D. Conn. 1986); Thomas Son TransferLine, Inc. v. Kenyon, 586 P.2d 39 (Colo. 1978); Powell on Real Property, Para. 882 [d] [ii], p. 81-213. The defendants argue that the plaintiff is not entitled to the remedy of specific performance because he did not tender an offer and prove that he was ready, willing and able to purchase the property under the option.[4]
This court finds that since defendant Nancy DeBolt sold her interest in the subject property to defendant Rocco Sylvestri without advance notice to the plaintiff and without giving the plaintiff an opportunity to purchase, the plaintiff — as to her was under no obligation and had no opportunity to tender performance or to demonstrate that he was ready, willing and able to purchase her interest. The plaintiff in this instance needs no excuse for not performing. Automobile Ins. Co. v. Model FamilyLaundries, Inc., 133 Conn. 433, 437 (1974). See also Ann. Sale byvendor of all or substantial part of property to a third personbefore time fixed for performance of contract of sale as . . .affecting rights of specific performance. 90 ALR 337, 339. Certainly, under these circumstances ". . . the law, which is eminently practical, does not require the doing of a vain thing."Unatin 7-Up Co. v. Solomon, 39 A.2d 835, 837 (1944).
Viewing the foregoing facts within the context of the requested relief, the court finds that the equities of this matter support an award of specific performance as to defendant Nancy DeBolt's one-quarter ownership interest.
C. Plaintiff's Claim of Recision CT Page 736
Recision cancels the contractual obligations and remedies of all parties to a contract, and returns them as nearly as possible to the positions they had prior to their contract. Kavarco v.T.J.E., Inc., 2 Conn. App. 294, 299 (1984). The election of recision as a remedy eliminates damages or specific performance as remedies since they involve enforcement of a contract. Powell on Real Property, Para. 882[3], p. 81-231; Kavarco, supra, at 299.
Applying the foregoing discussion to plaintiff's claims it appears that the plaintiff is not seeking to rescind its contractual right of first refusal, but rather is seeking a ruling finding the sale in this case to be void, and a specific-performance order for a reconveyance.
D. Plaintiff's Claimed Violation of CUTPA
As stated earlier, plaintiff George Briggs asserts that the defendants' actions in dishonoring his right of first refusal constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. St. Sec. 42-110b. However, this court finds that the plaintiff has not produced facts which demonstrate that the defendants' actions offended public policy, or fit the "cigarette rule" which the Connecticut courts have adopted; Fink v.Golenbock, 238 Conn. 183, 215 (1996); Old Quarry Assn. v. Hickey,659 F. Sup. 1064, 1073 (1986). Accordingly, the court finds no violation of CUTPA by the defendants in this case.
E. Plaintiff's Claim for Damages
During the trial plaintiff George Briggs presented no evidence of any compensatory damages which he may have suffered as a result of any alleged misdeeds of the defendants. In fact, the plaintiff states in his post-trial brief that "[t]he appropriate measure ofdamages is specific performance." (Emphasis added.) Absent entitlement to, and/or absent the presentation of proof of incidental or consequential damages, the court is in no position to enter an award of damages. Fox v. Mason, 189 Conn. 484, 488
(1983). Accordingly, the court declines to grant to the plaintiff an award of incidental and/or compensatory monetary damages.
 F. Defendant Rocco Sylvestri's Counterclaim for Possession under Summary Process CT Page 737
In his Counterclaim for possession defendant Rocco Sylvestri asserts that he is the successor to plaintiff's late father's interest as the landlord at 403 Greenwich Avenue; and that as the successor landlord he is entitled under the summary process statute to possession of the subject premises for the plaintiff's failure to pay rent for the month of May 1994. Defendant Rocco Sylvestri avers that the plaintiff has failed to quit the premises although a notice to quit was served properly. The plaintiff denies that the rent for the month of May 1994 was unpaid, and denies that the notice to quit was served.
The court finds that no credible evidence was presented at the trial which would have supported this Counterclaim.
 G. Defendant Rocco Sylvestri's Claim for Settling Title
The Court finds that defendant Rocco Sylvestri's acquisition of the one-quarter share which Albert Briggs owned and the one-quarter share which Elizabeth Briggs owned in the subject property was accomplished without disregarding plaintiff's right of first refusal.
II. RELIEF
 A. Ownership of Interests formerly of Alfred C. Briggs and Elizabeth Briggs
The court finds and declares that Rocco J. Sylvestri is the rightful successor owner of the one-quarter interest previously owned by Alfred C. Briggs and of the one-quarter interest previously owned by Elizabeth Briggs in premises known as 403 Greenwich Avenue in Greenwich, Connecticut, described as
 All that certain lot, piece or parcel of land situated in the Town of Greenwich, County of Fairfield and State of Connecticut, known and designated as Lot C on a certain map entitled Property of Adele R. Levy Greenwich, Conn." made by S.E. Minor, Civil Engineers, January 14, 1908 and filed in the Greenwich Town Clerk's office as Map No. 331, excepting therefrom so much of said premises as was taken by the Town of Greenwich for the widening of Greenwich Avenue. Reference to said map is hereby made and had for a more particular description of said premises. CT Page 738
 B. ORDERS
 1. CANCELLATION OF SALE
The Court hereby cancels and renders null and void the sale of the one-quarter interest in premises known as 403 Greenwich Avenue, owned by Nancy Briggs DeBolt and transferred to Rocco J. Sylvestri by warranty deed dated March 4, 1994, said premises described as
 All that certain lot, piece or parcel of land situated in the Town of Greenwich, County of Fairfield and State of Connecticut, known and designated as Lot C on a certain map entitled Property of Adele R. Levy Greenwich, Conn." made by S.E. Minor, Civil Engineers, January 14, 1908 and filed in the Greenwich Town Clerk's office as Map No. 331, excepting therefrom so much of said premises as was taken by the Town of Greenwich for the widening of Greenwich Avenue. Reference to said map is hereby made and had for a more particular description of said premises.
 2. ORDER OF SPECIFIC PERFORMANCE
The court hereby orders that defendant Nancy Briggs DeBolt shall immediately offer to plaintiff George Briggs the opportunity to purchase her one-quarter interest in the aforesaid premises at 403 Greenwich Avenue in Greenwich, Connecticut, for the price, and at no less than the financing terms, if applicable, which she approved for the earlier sale of her interest to defendant Rocco J. Sylvestri. Plaintiff George Briggs shall have sixty (60) days from written receipt of defendant Nancy Briggs DeBolt's offer in which to accept the same. If plaintiff George Briggs accepts said offer, he and defendant Nancy Briggs DeBolt forthwithly shall arrange a closing at which he shall tender payment of the purchase price and at which the conveyance shall be made.
Defendant Nancy Briggs DeBolt shall return to defendant Rocco J. Sylvestri any appropriate financial consideration. Financial adjustments shall be made accordingly.
Clarance J. Jones, Judge CT Page 739